**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WILDEARTH GUARDIANS, *et al.* ) | |
| ) | Case No. 1:21-cv-00175-RC |
| Plaintiffs, ) | The Honorable Rudolph Contreras |
| ) | |
| v. ) | |
| ) | |
| DEBRA HAALAND, in her official ) | |
| capacity as Secretary of the Interior, *et al.* ) | |
| ) | |
| Federal Defendants. ) | |
| ) | |

**FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**

Federal Defendants United States Bureau of Land Management ("BLM") and Debra

Haaland, in her official capacity as Secretary of the Interior, respond as follows to Plaintiffs'

Amended Complaint. *See* ECF No. 13. The numbered paragraphs herein correspond to the

numbered paragraphs in Plaintiffs' Amended Complaint.

1.      The allegations in the first sentence of Paragraph 1 constitute Plaintiffs'

characterization of their case to which no response is required. The allegations in the second

sentence constitute legal conclusions to which no response is required. To the extent a response

is required, the allegations are denied.

2.      The allegations in Paragraph 2 are vague and are therefore denied.

3.      Federal Defendants deny the allegations in the first sentence of Paragraph 3, and

aver that emissions from fossil fuels produced on federal lands and offshore areas represent an

average of 24 percent of all national emissions of carbon. The remaining allegations in Paragraph

3 are vague and constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

4.      Federal Defendants admit the allegations in the first sentence of Paragraph 4. Federal Defendants admit that over 25 million acres of federal mineral estate are currently leased to private entities for potential development of oil and gas, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence, and the allegations are therefore denied. The allegations in the third sentence are vague and are therefore denied.

5.      The allegations in the first and second sentences of Paragraph 5 are vague and are therefore denied. The allegations in the third sentence constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

6.      The allegations in the first sentence of Paragraph 6 are vague and are therefore denied, and constitute legal conclusions to which no response is required. The allegations in the second and third sentences constitute Plaintiffs' characterization of their case and legal conclusions to which no response is required.

7.      The allegations in Paragraph 7 constitute legal conclusions to which no response is required. To the extent a response is required the allegations are denied.

8.      Federal Defendants deny the allegations in Paragraph 8.

9.      The allegations in Paragraph 9 purport to characterize *WildEarth Guardians v. Zinke*, 368 F. Supp. 3d 41 (D.D.C. 2019), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied.

10.      Federal Defendants admit the allegations in the first sentence of Paragraph 10 that BLM issued a Supplemental Environmental Assessment ("EA") and a Finding of No Significant

2

Impact ("FONSI") on May 7, 2019, and assert that the remaining allegations purport to characterize the Court's decision in *WildEarth Guardians v. Zinke*, 368 F. Supp. 3d 41 (D.D.C. 2019), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied. The allegations in the second sentence purport to characterize the Supplemental EA and FONSI, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied.

11. The allegations in the first sentence of Paragraph 11 constitute legal conclusions and purport to characterize Plaintiffs' case in *WildEarth Guardians v. Bernhardt* No. 16-1724-RC, 2020 WL 6701317 at *15 (D.D.C. Nov. 13, 2020), to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.  The allegations in the second and third sentences purport to characterize the Court's decision *WildEarth Guardians v. Bernhardt*, No. 16-1724-RC, 2020 WL 6701317 at *15 (D.D.C. Nov. 13, 2020), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

12. Federal Defendants deny the allegations in the first sentence of Paragraph 12. Federal Defendants admit that BLM took a voluntary remand of the Utah and Colorado leasing decisions challenged in *WildEarth Guardians v. Zinke*, 368 F. Supp. 3d 41 (D.D.C. 2019) but deny the remaining allegations in the second sentence.

13. The allegations in the first sentence of Paragraph 13 purport to characterize the referenced decision in *WildEarth Guardians v. Bernhardt*, No. 20-cv-0056-RC (D.D.C.), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its

plain meaning, language and context are denied. Federal Defendants admit the allegations in the second sentence.

14.     The allegations in Paragraph 14 constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

15.     The allegations in Paragraph 15 constitute Plaintiffs' characterization of their case to which no response is required.

16.     The allegations in Paragraph 16 constitute Plaintiffs' characterization of their case and legal conclusions to which no response is required.

17.     The allegations in Paragraph 17 constitute legal conclusions to which no response is required.

18.     The allegations in Paragraph 18 constitute Plaintiffs' characterization of their case and legal conclusions to which no response is required. To the extent a response is required the allegations are denied.

19.     The allegations in Paragraph 19 constitute Plaintiffs' characterization of their case and legal conclusions to which no response is required.

20.     The allegations in Paragraph 20 constitute legal conclusions to which no response is required.

21.     The allegations in Paragraph 21 constitute legal conclusions to which no response is required.

22.     The allegations in Paragraph 22 constitute legal conclusions to which no response is required.

23.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and the allegations are therefore denied.

24.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and the allegations are therefore denied.

25.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and the allegations are therefore denied.

26.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and the allegations are therefore denied.

27.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 27 and the allegations are therefore denied. The allegations in the third sentence are vague and are therefore denied. Federal Defendants further aver that the reasonably foreseeable effects of development of the challenged leases are as articulated in the BLM's NEPA analyses, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied.

28.     The allegations in Paragraph 28 constitute Plaintiffs' characterization of their case and legal conclusions to which no response is required.

29.     The allegations in Paragraph 29 constitute Plaintiffs' characterization of their case and legal conclusions to which no response is required.

30.     Federal Defendants admit that Scott A. de la Vega was the Acting Secretary of the Department of the Interior ("Interior") when Plaintiffs filed their Amended Complaint, but aver that Debra Haaland is now the Secretary of the Interior.  Pursuant to Fed. R. Civ. P. 25(d), Secretary Haaland is substituted automatically for former Acting Secretary de la Vega.  The remaining allegations in Paragraph 30 constitute legal conclusions to which no response is required.

31.    Federal Defendants admit that BLM is a federal government agency within Interior. The remaining allegations in Paragraph 31 constitute legal conclusions to which no response is required.

32.    The allegations in Paragraph 32 purport to characterize NEPA and its implementing regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

33.    The allegations in Paragraph 33 purport to characterize one of NEPA's implementing regulations, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

34.    The allegations in Paragraph 34 constitute legal conclusions to which no response is required, and purport to characterize NEPA and a judicial decision, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

35.    The allegations in Paragraph 35 purport to characterize one of NEPA's implementing regulations, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

36.    The allegations in Paragraph 36 constitute legal conclusions to which no response is required and purport to characterize NEPA and a judicial decision, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

37.    The allegations in Paragraph 37 constitute legal conclusions to which no response is required and purport to characterize NEPA and its implementing regulations, which speak for

themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

38.     The allegations in Paragraph 38 constitute legal conclusions to which no response is required and purport to characterize NEPA's implementing regulations and a judicial decision, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

39.     The allegations in Paragraph 39 constitute legal conclusions to which no response is required and purport to characterize NEPA's implementing regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

40.     The allegations in Paragraph 40 constitute legal conclusions to which no response is required and purport to characterize one of NEPA's implementing regulations, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

41.     The allegations in Paragraph 41 constitute legal conclusions to which no response is required and purport to characterize NEPA's implementing regulations and a judicial decision, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to its plain meaning, language and context are denied.

42.     The allegations in Paragraph 42 constitute legal conclusions to which no response is required and purport to characterize NEPA's implementing regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

43.     The allegations in Paragraph 43 constitute legal conclusions to which no response is required and purport to characterize NEPA's implementing regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

44.     The allegations in Paragraph 44 constitute legal conclusions to which no response is required and purport to characterize NEPA and its implementing regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

45.     The allegations in Paragraph 45 constitute legal conclusions to which no response is required and purport to characterize NEPA and its implementing regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

46.     The allegations in Paragraph 46 constitute legal conclusions to which no response is required.

47.     The allegations in Paragraph 47 constitute legal conclusions to which no response is required and purport to characterize the Administrative Procedure Act ("APA"), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

48.     The allegations in Paragraph 48 constitute legal conclusions to which no response is required and purport to characterize the APA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

49.     The allegations in Paragraph 49 constitute legal conclusions to which no response is required and purport to characterize the MLA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

50.     The allegations in Paragraph 50 constitute legal conclusions to which no response is required and purport to characterize the MLA and a federal oil and gas regulation, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

51.     Federal Defendants are without sufficient information to admit or deny that "any given BLM sale[]" contains parcels awarded through non-competitive bidding, and on that basis deny the same.  Federal Defendants otherwise admit the remaining allegations in the first and second sentences of Paragraph 51. The allegations in the third sentence purport to characterize the MLA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

52.     The allegations in Paragraph 52 purport to characterize a federal oil and gas regulation, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

53.     Federal Defendants deny the allegations in Paragraph 53 and aver that BLM manages oil and gas development in a multi-phase process, each subject to specific rules, policies, and procedures.

54.     Federal Defendants admit the allegations in the first sentence of Paragraph 54 that BLM prepares resource management plans ("RMPs") in accordance with the cited regulations, its Land Use Planning Handbook, and other laws and policies, but deny the remaining

9

allegations.  The allegations in the second and third sentences are vague and purport to characterize the contents of unidentified RMPs, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain meaning, language and context are denied.  The allegations in the fourth sentence constitute legal conclusions to which no response is required

55.     Federal Defendants admit the allegations in Paragraph 55 that BLM may prepare Reasonably Foreseeable Development scenarios ("RFDs") in accord with its Land Use Planning Handbook, and other policies and laws, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain meaning, language and context are denied.

56.     The allegations in the first, second and third sentences of Paragraph 56 are vague and purport to characterize federal oil and gas regulations, BLM's Instruction Memoranda ("IM") 2010-177 and 2018-034, a judicial decision, and agency guidance, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied. Federal Defendants admit that BLM field offices generally conduct NEPA reviews and identify the pertinent stipulations applicable to the parcels proposed for leasing, but deny the remaining allegations in the fourth sentence as vague.

57.     The allegations in Paragraph 57 purport to characterize a federal oil and gas regulation, BLM's Competitive Leases Handbook, and IM-2018-034, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

58.     The allegations in Paragraph 58 purport to characterize NEPA's and federal oil and gas regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

59.     The allegations in Paragraph 59 constitute legal conclusions to which no response is required and purport to characterize judicial decisions, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

60.     The allegations in Paragraph 60 constitute legal conclusions to which no response is required and purport to characterize a judicial decision, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

61.     The allegations in Paragraph 61 constitute legal conclusions to which no response is required and purport to characterize federal oil and gas regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

62.     The allegations in Paragraph 62 constitute legal conclusions to which no response is required and purport to characterize a federal oil and gas regulation, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

63.     The allegations in Paragraph 63 constitute legal conclusions to which no response is required and purport to characterize a federal oil and gas regulation and a decision of the Interior Board of Land Appeals, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

64.     The allegations in the first sentence of Paragraph 64 are vague and are therefore denied. The allegations in the second and third sentences constitute legal conclusions to which no response is required and purport to characterize federal oil and gas regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

65.     The allegations in Paragraph 65 constitute legal conclusions to which no response is required and purport to characterize federal oil and gas regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

66.     Federal Defendants admit that production and combustion of fossil fuels generate gases such as carbon dioxide and methane, but deny the remaining allegations in Paragraph 66 as vague.

67.     The allegations in the first sentence of Paragraph 67 are vague and are therefore denied. The allegations in the second and third sentences purport to characterize a 2019 Environmental Protection Agency ("EPA") report, *Inventory of U.S. Greenhouse Gases and Sinks 1990-2017*, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

68.     The allegations in Paragraph 68 are vague and are therefore denied.

69.     The allegations in the first sentence of Paragraph 69 are vague and are therefore denied. The remaining allegations purport to characterize the 2014 Intergovernmental Panel on Climate Change ("IPCC") assessment report on climate change, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

70.     The allegations in Paragraph 70 purport to characterize an October 2018 special report by the IPCC, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

71.     The allegations in Paragraph 71 are vague and are therefore denied.

72.     The allegations in Paragraph 72 are vague and are therefore denied, and purport to characterize the 2018 Fourth National Climate Assessment, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

73.     The allegations in Paragraph 73 are vague and are therefore denied, and purport to characterize and quote an unidentified document, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

74.     The allegations in Paragraph 74 purport to characterize and quote the 2018 Fourth National Climate Assessment, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

75.     The allegations in Paragraph 75 purport to characterize and quote Secretarial Order 3226, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

76.     The allegations in Paragraph 76 purport to characterize a 2007 report, *Climate Change: Agencies Should Develop Guidance for Addressing the Effects on Federal Land and Water Resources*, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

77.     The allegations in Paragraph 77 purport to characterize and quote Secretarial Order 3289, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

78.     The allegations in Paragraph 78 purport to characterize and quote Executive Order Nos. 13514 and 13693, 74 Fed. Reg. 52,117 (Oct. 8, 2009) and 80 Fed. Reg. 15, 871 (March 25, 2015), which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

79.     The allegations in Paragraph 79 purport to characterize and quote 74 Fed. Reg. 66, 496-97 (Dec. 15, 2009), 80 Fed. Reg. 64, 661 (Oct. 23, 2015), and a judicial decision, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

80.     The allegations in the first sentence of Paragraph 80 are vague and are therefore denied.  The allegations in the remainder of Paragraph 80 purport to characterize and quote an August 1, 2016 guidance document issued by the Council on Environmental Quality ("CEQ"), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

81.     The allegations in Paragraph 81 purport to characterize and quote an August 1, 2016 guidance document issued by the CEQ, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

82.     The allegations in the first sentence of Paragraph 82 are vague and are therefore denied and constitute legal conclusions to which no response is required. Federal Defendants deny the allegations in the second sentence.

14

83.     The allegations in the first sentence of Paragraph 83 are vague and are therefore denied. The remaining allegations purport to characterize and quote *EPA Fact Sheet, The Social Cost of Carbon (2016)*, published on EPA's website, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

84.     The allegations in the first sentence of Paragraph 84 are vague and are therefore denied. The allegations in the second sentence purport to characterize technical documents prepared by an Interagency Working Group, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.  Federal Defendants aver that the referenced working group was disbanded by executive order on March 28, 2017 and reinstated by executive order on January 20, 2021.

85.     The allegations in Paragraph 85 purport to characterize technical documents prepared by an Interagency Working Group, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

86.     The allegations in Paragraph 86 purport to characterize unidentified Resource Management Plans ("RMPs"), which speak from themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

87.     Federal Defendants admit that BLM included analysis of the social cost of carbon in NEPA analyses prepared for the May 2014 Montana/Dakotas lease sale and May 2015 Idaho lease sale for the Little Willow Creek Protective Oil and Gas Leasing Project in the Four Rivers Field Office, but deny the remaining allegations in Paragraph 87 as vague.

88.     The allegations in Paragraph 88 are vague and are therefore denied.

15

89.     The allegations in Paragraph 89 purport to characterize the 2018 IPCC special report on *Global Warming of 1.5ºC*, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

90.     The allegations in Paragraph 90 purport to characterize the 2018 IPCC special report on *Global Warming of 1.5ºC* and 2019 Oil Change International Report, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to its plain meaning, language and context are denied.

91.     The allegations in Paragraph 91 are vague and are therefore denied, and purport to characterize EcoShift Consulting, *The Potential Greenhouse Gas Emissions from U.S. Fossil Fuels* 1, 3 (2016), and a journal article, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

92.     The allegations in the first sentence of Paragraph 92 are vague and are therefore denied.  The remaining allegations in Paragraph 92 purport to characterize a 2019 Oil Change International Report, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain meaning, language and context.

93.     The allegations in Paragraph 93 are vague and are therefore denied, and purport to characterize a Stockholm Institute report, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

94.     The allegations in Paragraph 94 are vague and are therefore denied, and purport to characterize a Stockholm Institute report, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

95.     Federal Defendants admit the allegations in Paragraph 95.

96.     The allegations in Paragraph 96 purport to characterize one of NEPA's implementing regulations, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.  The allegations in the second sentence of Paragraph 96 constitute legal conclusions to which no response is required. To the extent a response is required the allegations are denied.

97.     The allegations in the first sentence of Paragraph 97 are vague and are therefore denied. The remaining allegations purport to characterize content on BLM's website, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

98.     Federal Defendants deny the allegations in Paragraph 98, and aver that the lease sales challenged in this litigation were approved by the relevant BLM state offices as part of their implementation of the MLA and other statutes.

99.     The allegations in the first sentence of Paragraph 99 are vague and are therefore denied. The remaining allegations purport to characterize a 2018 U.S. Geological Survey ("USGS") report, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

100.     Federal Defendants deny the allegations in Paragraph 100.

101.     Federal Defendants admit the allegations in the first and second sentences of Paragraph 101. The allegations in the third sentence are vague and are therefore denied.

102.     The allegations in Paragraph 102 constitute Plaintiffs' characterization of their case to which no response is required. Federal Defendants deny any deficiencies in BLM's NEPA analysis.

103.    The allegations in the first and second sentences of Paragraph 103 are vague and are therefore denied. The allegations in the third sentence constitute legal conclusions to which no response is required. To the extent a response is required the allegations are denied.

104.    The allegations in Paragraph 104 constitute legal conclusions to which no response is required and purport to characterize the EAs supporting the leasing decisions challenged in this litigation, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

105.    Federal Defendants deny the allegations in Paragraph 105.

106.    The allegations in the first and second sentences of Paragraph 106 purport to characterize the EAs supporting the leasing decisions challenged in this litigation, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied. Federal Defendants deny the allegations in the second sentence. The allegations in the third and fourth sentences purport to characterize a judicial decision, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied. The allegations in the fifth sentence are vague and are therefore denied.

107.    The allegations in the first, second, and third sentences of Paragraph 107 purport to characterize the EAs supporting the leasing decisions challenged in this litigation, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied. The allegations in the fourth, fifth and sixth sentences of Paragraph 107 constitute legal conclusions to which no response is required and purport to characterize *WildEarth Guardians*, 368 F. Supp. 3d at 66, which speaks for itself and

provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

108.    The allegations in Paragraph 108 constitute legal conclusions to which no response is required, and purport to characterize the EAs supporting the leasing decisions challenged in this litigation, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

109.    Federal Defendants deny the allegations in the first sentence of Paragraph 109. The allegations in the second sentence constitute legal conclusions to which no response is required. To the extent a response is required the allegations are denied.  Federal Defendants deny the allegations in the third sentence.

110.    Federal Defendants deny the allegations in the first sentence of Paragraph 110. The allegations in the second sentence constitute legal conclusions to which no response is required.

111.    The allegations in Paragraph 111 purport to characterize unidentified "BLM data," which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

112.    The allegations in Paragraph 112 constitute legal conclusions to which no response is required, and purport to characterize the EAs supporting the leasing decisions challenged in this litigation, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

113.    The allegations in Paragraph 113 are vague and purport to characterize the EAs supporting the leasing decisions challenged in this litigation, which speak for themselves and

provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

114.    The allegations in Paragraph 14 are vague and constitute legal conclusions to which no response is required, and purport to characterize the EAs supporting the leasing decisions challenged in this litigation, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

115.    The allegations in Paragraph 115 constitute legal conclusions to which no response is required and purport to characterize the EAs supporting the leasing decisions challenged in this litigation, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

116.    The allegations in the first sentence of Paragraph 116 purport to characterize the EAs supporting the leasing decisions challenged in this litigation, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied. The allegations in the second sentence are vague and are therefore denied.

117.    The allegations in Paragraph 117 constitute legal conclusions to which no response is required and purport to characterize a judicial decision, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

118.    The allegations in Paragraph 118 constitute legal conclusions to which no response is required and purport to characterize a judicial decision, which speaks for itself and

provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

119.    The allegations in Paragraph 119 constitute legal conclusions to which no response is required.

120.    The allegations in the first sentence of Paragraph 120 are vague and are therefore denied. The allegations in the second sentence constitute legal conclusions to which no response is required. To the extent a response is required the allegations are denied.

121.    The allegations in the first sentence of Paragraph 121 purport to characterize a 2018 USGS report, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied. Federal Defendants deny the allegations in the second and third sentences.

122.    The allegations in Paragraph 122 are vague and are therefore denied.

123.    The allegations in Paragraph 123 purport to characterize the leasing decisions challenged in this litigation and their supporting NEPA analyses, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

124.    The allegations in the first and second sentences of Paragraph 124 purport to characterize the EAs supporting the leasing decisions challenged in this litigation, unidentified RMPs, and leases sale documents, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied. Defendants specifically deny any allegations of biased or misleading analysis in the first sentence.  The allegations in the third and fourth sentences constitute legal conclusions to which no response is required, and purport to characterize NEPA and its implementing regulations,

which speak for themselves and provide the best evidence of their contents. Any allegations

contrary to their plain meaning, language and context are denied.

125.    The allegations in Paragraph 125 constitute legal conclusions to which no

response is required and purport to characterize one of NEPA's implementing regulations, which

speaks for itself and provides the best evidence of its contents. Any allegations contrary to its

plain meaning, language and context are denied.

126.    Federal Defendants admit the allegations in Paragraph 126.

127.    The allegations in Paragraph 127 are vague and are therefore denied.

128.    Federal Defendants admit the allegations in Paragraph 128.

129.    Federal Defendants admit the allegations in Paragraph 129.

130.    The allegations in Paragraph 130 are vague and are therefore denied.

131.    Federal Defendants admit the allegations in Paragraph 131, but deny that BLM

issued any FONSIs or decision records for the challenged lease sales on December 31, 2020.

Federal Defendants aver that BLM issued separate FONSIs and decision records approving the

November 7, 2019, February 6, 2020, May 20-21, 2020 lease sales on December 30, 2020.

132.    Federal Defendants admit the allegations in Paragraph 132.

133.    The allegations in Paragraph 133 are vague and are therefore denied.

134.    Federal Defendants admit the allegations in Paragraph 134.

135.    Federal Defendants admit the allegations in Paragraph 135, but deny that BLM

conducted an oil and gas lease sale for lands in Wyoming on March 24, 2019.  Federal

Defendants aver that BLM conducted an oil and gas lease sale for lands in Wyoming on March

24, 2020.

136.    The allegations in Paragraph 136 are vague and are therefore denied.

137.    Federal Defendants admit the allegations in Paragraph 137, but deny that BLM conducted an oil and gas lease sale for lands in Wyoming on March 24, 2019.  Federal Defendants aver that BLM conducted an oil and gas lease sale for lands in Wyoming on March 24, 2020.

138.    Federal Defendants incorporate by reference their responses in the preceding paragraphs.

139.    The allegations in Paragraph 139 constitute legal conclusions to which no response is required, and purport to characterize NEPA and its implementing regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

140.    The allegations in Paragraph 140 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

141.    The allegations in Paragraph 141 constitute legal conclusions to which no response is required and purport to characterize one of NEPA's implementing regulations, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

142.    The allegations in Paragraph 142 constitute legal conclusions to which no response is required and purport to characterize NEPA and its implementing regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

143.    The allegations in Paragraph 143 constitute legal conclusions to which no response is required, and purport to characterize the EAs supporting the challenged leasing decisions in this litigation and a judicial decision, which speak for themselves and provide the

23

best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

144.     The allegations in the first sentence of Paragraph 144 constitute legal conclusions to which no response is required, and purport to characterize one of NEPA's implementing regulations, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied. The allegations in the second sentence are vague and are therefore denied.

145.     The allegations in Paragraph 145 constitute legal conclusions to which no response is required and purport to characterize NEPA, its implementing regulations, and the APA, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

146.     Federal Defendants incorporate by reference their responses in the preceding paragraphs.

147.     The allegations in Paragraph 147 constitute legal conclusions to which no response is required.

148.     The allegations in Paragraph 148 constitute legal conclusions to which no response is required and purport to characterize NEPA's implementing regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

149.     The allegations in Paragraph 149 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

150.     The allegations in the first sentence of Paragraph 150 are vague and are therefore denied. The allegations in the second sentence constitute legal conclusions to which no response

is required and purport to characterize NEPA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

151.    The allegations in Paragraph 151 constitute legal conclusions to which no response is required, and purport to characterize a judicial decision, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

152.    The allegations in Paragraph 151 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

153.    Federal Defendants incorporate by reference their responses in the preceding paragraphs.

154.    The allegations in Paragraph 154 are vague and are therefore denied.

155.    The allegations in Paragraph 156 are vague and are therefore denied.

156.    The allegations in Paragraph 157 are vague and are therefore denied.

157.    The allegations in Paragraph 158 constitute legal conclusions to which no response is required and purport to characterize one of NEPA's implementing regulations, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language and context are denied.

158.    The allegations in Paragraph 159 constitute legal conclusions to which no response is required and purport to characterize NEPA's implementing regulations and a judicial decision, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language and context are denied.

159.    The allegations in Paragraph 160 constitute legal conclusions to which no response is required.

160.    The allegations in Paragraph 161 constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

## RELIEF REQUESTED

The remainder of Plaintiffs' Amended Complaint constitutes Plaintiffs' request for relief and legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

## GENERAL DENIAL

Federal Defendants deny any allegations in Plaintiffs' Complaint, whether express or implied, that are not specifically admitted, denied or qualified herein.

## AFFIRMATIVE DEFENSES

1.    Plaintiffs have failed to state a claim upon which relief can be granted.

2.    This Court lacks subject matter jurisdiction to review some or all of Plaintiffs' claims.

3.    Some Plaintiffs may lack standing.

4.    Some or all of Plaintiffs' claims may have been waived.

5.    Plaintiffs' claims may be barred by the statute of limitations.

6.    Plaintiffs may be estopped from asserting their claims.

WHEREFORE, Federal Defendants respectfully pray that this Court deny in all respects

Plaintiffs' request for relief, dismiss Plaintiffs' Amended Complaint, enter judgment for Federal

Defendants, and grant to Federal Defendants such other relief as may be appropriate.

Respectfully submitted this 6th day of July, 2021.

> JEAN E. WILLIAMS
> Acting Assistant Attorney General
>
> */s/ Michael S. Sawyer*
> MICHELLE-ANN C. WILLIAMS
> MICHAEL S. SAWYER
> Trial Attorneys, Natural Resources Section
> U.S. Department of Justice
> Environment & Natural Resources Division
> Natural Resources Section
> Ben Franklin Station, P.O. Box 7611
> Washington, D.C. 20044-7611
> Telephone: (202) 305-0420 (Williams)
> Telephone: (202)-514-5273
> Fax: (202) 305-0506
> Email: michelle-ann.williams@usdoj.gov
>           michael.sawyer@usdoj.gov
>
> *Counsel for Federal Defendants*