**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| WILDEARTH GUARDIANS; and | ) | |
| PHYSICIANS FOR SOCIAL RESPONSIBILITY | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 1:21-cv-00175-RC |
| v. | ) | |
| | ) | |
| DEBRA HAALAND, Secretary, | ) | |
| U.S. Department of the Interior; and | ) | |
| U.S. BUREAU OF LAND MANAGEMENT | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| AMERICAN PETROLEUM INSTITUTE, *et al*., | ) | |
| | ) | |
| Intervenor-Defendants. | ) | |

---

**PLAINTIFFS' MOTION TO STAY PROCEEDINGS
AND MEMORADNUM IN SUPPORT**

---

Plaintiffs WildEarth Guardians and Physicians for Social Responsibility (collectively, "Conservation Groups") respectfully move for an order staying all deadlines and proceedings in this case for sixty days to facilitate a negotiated final resolution to this case. Conservation Groups state the following in support of this motion.

Conservation Groups and Federal Defendants have reached an agreement in principle on a framework for a settlement agreement that would result in the stipulated dismissal of this case, as well as two related cases pending before this Court: Case Nos. 1:16-cv-1724-RC and 1:20-cv-56-RC.[1] However, the Parties need additional time to negotiate the specific language of a final settlement agreement and for Federal Defendants to obtain the higher-level approvals necessary

---

[1] Conservation Groups are filing similar motions to stay proceedings in the related cases.

to formally enter into such an agreement. Accordingly, Conservation Groups request this Court stay all proceedings in this case for 60 days to facilitate negotiations on a final settlement agreement.

Counsel for Conservation Groups have conferred with counsel for the other parties in this matter. Federal Defendants do not oppose this motion. Intervenor-Defendants American Petroleum Institute, Anschutz Exploration Corporation, State of Wyoming, and NAH Utah LLC oppose the motion.

The Court has the inherent "power to stay proceedings … incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In deciding whether to stay proceedings, a court must "'weigh competing interests and maintain an even balance' between the court's interests in judicial economy and any possible hardship to the parties." *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724,732–33 (D.C. Cir. 2012) (quoting *Landis*, 299 U.S. at 254–55).

Here, the Courts' and the parties' interests would be served by the requested stay, which would avoid unnecessary briefing and judicial attention to a case that is now likely to be most expeditiously resolved through settlement.

On June 9, 2021, Intervenor-Defendant American Petroleum Institute (API) filed a Motion to Dismiss in Part, or, in the Alternative, for Partial Summary Judgment in this case. ECF No. 28. On July 23, 2021, Conservation Groups filed their Response to API's motion. ECF No. 41. On July 30, 2021, Federal Defendants filed their Motion for Voluntary Remand Without Vacatur. ECF No. 43. Pursuant to Local Rule 7(b), responses in opposition to Federal Defendants' motion are due on August 13, 2021. Conservation Groups face similar deadlines for

responding to Federal Defendants' Motions for Voluntary Remand Without Vacatur in the two related cases. Moreover, Intervenor-Defendant API has filed similar Motions to Dismiss in Part in the two related cases. No. 20-cv-56-RC (ECF No. 55); and No. 16-cv-1724-CV (ECF No. 201). Accordingly, between this case and the two related cases, Conservation Groups face briefing deadlines for potentially five separate response briefs between August 13 and 16. Intervenor-Defendant API has indicated an intention to file a brief in opposition to Federal Defendants' Motion for Voluntary Remand Without Vacatur in all three cases. Accordingly, absent a stay, the Court would be asked to dedicate significant time and attention to resolving these pending motions. With an agreement in principle on terms that would result in the stipulated dismissal of Conservation Groups' cases, the interests of judicial economy strongly weigh in favor of a time-limited stay of these proceedings.

Moreover, there is no hardship to any of the parties that would outweigh the strong interest of judicial economy in a time-limited stay of these proceedings. Intervenor-Defendant API has already sought to partially dismiss this case, so it cannot credibly claim that it would be harmed by a brief stay of the proceedings to allow for negotiations towards a complete dismissal of this case. The interests of the other Intervenor-Defendants would be similarly served by a final resolution of this case, the ultimate result intended by this requested stay.

For all these reasons, the Court should exercise its inherent authority to manage its docket and its equitable power to stay these proceedings for 60 days to facilitate settlement discussions between Conservation Groups and Federal Defendants. Conservation Groups respectfully request that the Court enter an order staying all proceedings in this matter for 60 days.

Respectfully submitted this 10th day of August, 2021,

/s/ Daniel L. Timmons
Daniel L. Timmons
Bar No. NM0002
WildEarth Guardians
301 N. Guadalupe Street, Suite 201
Santa Fe, NM 87501
(505) 570-7014
dtimmons@wildearthguardians.org

/s/ Melissa Hornbein
Melissa Hornbein
Bar No. MT0004
Western Environmental Law Center
103 Reeder's Alley
Helena, MT 59601
(406) 708-3058
hornbein@westernlaw.org

/s/ Samantha Ruscavage-Barz
Samantha Ruscavage-Barz
Bar No. CO0053
301 N. Guadalupe Street, Suite 201
Santa Fe, NM 87501
(505) 410-4180
sruscavagebarz@wildearthguardians.org

/s/ Kyle Tisdel
Kyle Tisdel
Bar No. NM0006
Western Environmental Law Center
208 Paseo del Pueblo Sur, Suite 602
Taos, NM 87571
(575) 613-8050
tisdel@westernlaw.org

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record in this case.

/s/ Daniel L. Timmons
Daniel L. Timmons