Emily C. Schilling (No. 490483)
Holland & Hart LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101
Ph. 801-799-5753 / Fax 202-747-6574
ecschilling@hollandhart.com

Kristina (Tina) R. Van Bockern (CO0100)
Holland & Hart LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202
Ph. 303-295-8000 / Fax 720-545-9952
trvanbockern@hollandhart.com

Hadassah M. Reimer (WY002)
Holland & Hart LLP
P.O. Box 68
645 South Cache Street, Suite 100
Jackson, WY 83001
Ph. 307-739-9741 / Fax 307-739-9744
hmreimer@hollandhart.com

Kristin A. Nichols (CO0099)
Holland & Hart LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202
Ph. 303-295-8000 / Fax 720-545-9952
kanichols@hollandhart.com

*Attorneys for Defendant-Intervenor
NAH Utah, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILDEARTH GUARDIANS; and PHYSICIANS FOR SOCIAL RESPONSIBILITY,<br><br>　　Plaintiffs.<br><br>vs.<br><br>DEBRA A. HAALAND, Secretary, U.S. Department of the Interior; and U.S. BUREAU OF LAND MANAGEMENT,<br><br>　　Defendants,<br><br>and<br><br>STATE OF WYOMING; AMERICAN PETROLEUM INSTITUTE; NAH UTAH, LLC; and ANSCHUTZ EXPLORATION CORPORATION,<br><br>　　Defendant-Intervenors. | Case No. 1:21-cv-00175-RC<br><br>**NAH UTAH, LLC'S RESPONSE TO PLAINTIFFS' MOTION TO STAY PROCEEDINGS** |

On August 10, 2021, Plaintiffs moved to stay the proceedings in this case for 60 days to facilitate a negotiated final resolution (ECF No. 46).  Plaintiffs' requested NAH Utah, LLC's position on the motion on August 9, 2021, but did not disclose the terms of the proposed settlement.  Later, on August 10, 2021 Plaintiffs shared by email that while the basic framework of the settlement could not yet be shared, the settlement does not contemplate the vacatur or suspension of leases, or pausing APD issuance on the challenged leases.

At this time, NAH Utah, LLC does not object to the motion for a 60-day stay in this case for the purpose of settlement discussions, but only on the condition that NAH Utah be included in future settlement discussions moving forward.  In granting NAH Utah full intervenor status under Rule 24(a) in this case, the Court recognized NAH Utah's significant protectable interest in the outcome of this litigation, which challenges NAH Utah's property rights in 24 leases purchased for helium development in the September 2018 Utah lease sale.  (ECF No. 36, at 3). When a court grants intervention, the intervenor becomes a party within the meaning of the Federal Rules of Civil Procedure and is entitled to fully litigate on the merits.  *See generally* Wright & Miller, 7C Federal Practice and Procedure: Civil 2d § 1920, at 488-91 (1986); *Ameren Servs. Co. v. FERC*, 893 F.3d 786, 791 (D.C. Cir. 2018).  Accordingly, as a party, intervenors must be included in settlement discussions, and can object where opposing parties settle a case in a manner that burdens a non-consenting party without their participation or approval.  *See Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO v. City of Cleveland*, 478 U.S. 501, 529 (1986) ("[P]arties who choose to resolve litigation through settlement may not dispose of the claims of a third party, and *a fortiori* may not impose duties or obligations on a third party, without that party's agreement.").

Here, the settlement of this litigation has the potential to adversely affect NAH Utah's lease rights. While Plaintiffs have indicated that the current settlement proposal does not include lease suspensions or a pause on APD approvals, the specific terms of the deal have not been disclosed and a final settlement has not been reached. Any outcome that would result in lease suspension or a pause on helium development would be vigorously opposed by NAH Utah, particularly where Plaintiffs have not yet met their burden on the merits to demonstrate a legal violation with respect to the September 2018 Utah lease sale. A remand that casts a cloud of uncertainty over the long-term viability of the lease rights would also be unacceptable.

NAH Utah's unique position as the only helium developer in this litigation also demands its participation in any settlement discussions. Plaintiffs' claims in this case all relate to BLM's alleged failure to adequately account for downstream greenhouse gas ("GHG") emissions from fossil fuel combustion. Unlike the other intervenors in this case, NAH Utah's proposed helium development is not anticipated to result in GHG emissions from downstream fuel consumption because the reservoir targeted for production consists of 97% nitrogen and 3% helium. (ECF 23-2 ¶ 7). Thus, even if this case proceeded through the merits and the Court found error in BLM's GHG impact analysis, a narrowly-tailored remedy would appropriately be limited to fossil fuel development, excepting helium and other development that would not result in the downstream GHG emissions of which Plaintiffs' complain. *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010) ("An injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course," especially where "a less drastic remedy . . . [is] sufficient to redress [the plaintiffs'] injury.") Moreover, helium has been designated by the Department of the Interior and recognized by the Biden Administration as a critical mineral important to our nation's supply chain and national defense. (ECF No. 23-1, at 2 n.3.) Thus, any settlement

affecting non-fossil fuel development, or casting a shadow on lease rights to develop critical mineral resources, is unjustified and unacceptable to NAH Utah. Thus, NAH Utah should be given an opportunity to participate in the settlement discussions to protect its unique interest in preserving the right to develop helium resources on its leases.

WHEREFORE, NAH Utah does not oppose the motion for a 60-day stay, but respectfully requests that the Court require that the Plaintiffs and Federal Defendants consult with NAH Utah, LLC as the settlement discussions progress.

Respectfully submitted this 12th day of August, 2021.

*/s/ Hadassah M. Reimer*
Hadassah M. Reimer (WY002)
Holland & Hart LLP
25 South Willow Street, Suite 200
Jackson, WY 83001
Ph. 307-739-9741 / Fax 307-739-9744
hmreimer@hollandhart.com

Emily C. Schilling (No. 490483)
Holland & Hart LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101
Ph. 801-799-5753 / Fax 202-747-6574
ecschilling@hollandhart.com

Kristina (Tina) R. Van Bockern (CO0100)
Kristin A. Nichols (CO0099)
Holland & Hart LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202
Ph. 303-295-8000 / Fax 720-545-9952
trvanbockern@hollandhart.com
kanichols@hollandhart.com

*Attorneys for Defendant-Intervenor*
*NAH Utah, LLC*

## CERTIFICATE OF SERVICE

I certify that on August 12, 2021, I filed this document using the Court's electronic case-filing system, which will serve documents on all counsel of record.

/s/ Hadassah M. Reimer

17210415_v1

4