IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILDEARTH GUARDIANS; and <br> PHYSICIANS FOR SOCIAL RESPONSIBILITY <br><br> Plaintiffs, <br><br> v. <br><br> DEBRA HAALAND, Secretary, <br> U.S. Department of the Interior; and <br> U.S. BUREAU OF LAND MANAGEMENT <br><br> Defendants, <br><br> AMERICAN PETROLEUM INSTITUTE, *et al.*, <br><br> Intervenor-Defendants. | Case No. 1:21-cv-00175-RC |

**PLAINTIFFS' CONSOLIDSATED REPLY TO (1) ANSCHUTZ EXPLORATION CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION TO STAY AND (2) NAH UTAH, LLC'S RESPONSE TO PLAINTIFFS' MOTION TO STAY PROCEEDINGS**

Plaintiffs WildEarth Guardians and Physicians for Social Responsibility have requested this Court stay these proceedings for 60 days to allow for Plaintiffs and Federal Defendants to negotiate terms for settlement based on an agreement in principle between the parties. Plaintiffs provide the following reply to the responses filed by Intervenor Defendants Anschutz Exploration Corporation (AEC) (ECF No. 47), and NAH Utah, LLC (ECF No. 48).

In its opposition to Plaintiffs' Motion to Stay, Intervenor-Defendant AEC states that it has "no information about or insight into the terms of the proposed settlement." ECF No. 47, at 1. However, as the basic terms of the agreement in principle have, in fact, been shared with AEC, this objection has been resolved.

Plaintiffs acknowledge that prior to filing their Motion to Stay they did not provide Intervenor-Defendants with the settlement framework agreed to in principle by Plaintiffs and Federal Defendants. Given multiple pending briefing deadlines in this case and the two related cases (1:16-cv-01724-RC and 1:20-cv-00056-RC), Plaintiffs believed time was of the essence in informing the Court of the agreement in principle, a significant development towards potential settlement of this case and the two related cases. Prior to filing the Motion for Stay, Plaintiffs sought Federal Defendants' consent to share the basic terms of their agreement in principle, but were unable to obtain this consent prior to the time of filing. However, Federal Defendants have now shared the basic terms of the agreement in principle with all Intervenor-Defendants, including counsel for AEC.[1] Accordingly, AEC's objections to the Motion to Stay have now been resolved.

AEC also requests that the Court require Plaintiffs and Federal Defendants "involve AEC in all future settlement discussions and communications." AEC Resp. at 2. NAH Utah, LLC similarly requests that the Court require consultation with Intervenor-Defendants "as the settlement discussions progress." NAH Resp., at 4. Intervenor-Defendants' requests are misplaced. Given the large number of Intervenor-Defendants appearing in this and the two related cases, such a requirement would unduly delay progress towards negotiating final settlement terms and language. Simply finding a time to schedule a conference call to accommodate the busy schedules of counsel would likely result in substantial delays, not to mention the challenge of negotiating final settlement language amongst the more than a dozen counsel appearing in these matters. As parties to the case, Intervenor-Defendants will have the opportunity to protect their interests – if they so deem necessary – by formally objecting to any

---

[1] Counsel for Federal Defendants shared this information with counsel for AEC by email on August 12, 2021 at approximately 6:11 am, several hours prior to the filing of AEC's response in opposition to the Motion for Stay.

settlement agreement that may be proposed by Plaintiffs and Federal Defendants, prior to the Court's approval. However, "'[i]t is well settled that 'the right to have its objections heard does not, of course, give the intervenor the right to block any settlement to which it objects.'" *United States v. D.C.*, 933 F. Supp. 42, 47 (D.D.C. 1996) (quoting *United States v. Hooker Chemicals & Plastics Corp.*, 540 F. Supp. 1067, 1083 (W.D.N.Y. 1982), *aff'd,* 749 F.2d 968 (2d Cir. 1984)). Nor does the right to have the Court hear objections to a proposed settlement imply the right to fully participate in confidential settlement discussions amongst other parties.

Accordingly, Plaintiffs request the Court stay the proceedings for 60 days to allow for Plaintiffs and Federal Defendants to continue negotiations towards a final settlement of this case, without imposing the unnecessary burden of involving numerous Intervenor-Defendants in that process.

Respectfully submitted this 12th day of August, 2021,

/s/ Daniel L. Timmons
Daniel L. Timmons
Bar No. NM0002
WildEarth Guardians
301 N. Guadalupe Street, Suite 201
Santa Fe, NM 87501
(505) 570-7014
dtimmons@wildearthguardians.org

/s/ Melissa Hornbein
Melissa Hornbein
Bar No. MT0004
Western Environmental Law Center
103 Reeder's Alley
Helena, MT 59601
(406) 708-3058
hornbein@westernlaw.org

/s/ Samantha Ruscavage-Barz
Samantha Ruscavage-Barz
Bar No. CO0053
301 N. Guadalupe Street, Suite 201
Santa Fe, NM 87501
(505) 410-4180
sruscavagebarz@wildearthguardians.org

/s/ Kyle Tisdel
Kyle Tisdel
Bar No. NM0006
Western Environmental Law Center
208 Paseo del Pueblo Sur, Suite 602
Taos, NM 87571
(575) 613-8050
tisdel@westernlaw.org

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record in this case.

*/s/ Daniel L. Timmons*
Daniel L. Timmons
