IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILDEARTH GUARDIANS; and PHYSICIANS FOR SOCIAL RESPONSIBILITY,<br><br>                    Plaintiffs,<br><br>v.<br><br>DEBRA HAALAND, Secretary, U.S. Department of the Interior; and U.S. BUREAU OF LAND MANAGEMENT,<br><br>                    Defendants,<br><br>AMERICAN PETROLEUM INSTITUTE; STATE OF WYOMING, NAH UTAH LLC, and ANSCHUTZ EXPLORATION CORPORATION,<br><br>                    Intervenor-Defendants. | No. 1:21-cv-00175-RC |

**INTERVENOR-DEFENDANT AMERICAN PETROLEUM INSTITUTE'S
RESPONSE TO PLAINTIFFS' MOTIONS FOR AN EXTENSION**

Pending before the Court are three lawsuits brought by plaintiffs WildEarth Guardians *et al.*, which collectively challenge as purportedly violating the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321, *et seq.*, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 551, decisions by the U.S. Secretary of the Interior and the Bureau of Land Management to conduct more than three dozen oil and gas lease sales pursuant to the Mineral Leasing Act ("MLA"), 30 U.S.C. § 181.[1] Intervening defendant American Petroleum Institute ("API") has

---

[1] *WildEarth Guardians v. Haaland,* No. 1:16-cv-01724 (the "2016 *WildEarth Guardians* lawsuit"); *WildEarth Guardians v. Haaland*, No. 1:20-cv-056 (the "2020 *WildEarth Guardians* lawsuit"); *WildEarth Guardians v. Haaland*, No. 1:21-cv-00175 (the "2021 *WildEarth Guardians* lawsuit").

DC: 7617176-1

filed motions in all three lawsuits seeking the dismissal of the vast majority of these lease sale challenges.[2]  In all three lawsuits, API asserts that these claims are barred by the MLA statute of limitations, which provides that "[n]o action contesting a decision of the Secretary involving any oil and gas lease shall be maintained unless such action is commenced or taken within ninety days after the final decision of the Secretary relating to such matter."  30 U.S.C. § 226-2.  Congress in the 1960 MLA amendments adopted this statutory provision to reverse "a potentially dangerous slackening in exploration for development of domestic reserves of oil and gas" by "remov[ing] certain legislative obstacles to exploration for development of the mineral resources of the public lands and spur greater activity for increasing our domestic reserves."  *Id*. at 3314–15.  Congress concluded that "[s]uch a provision will remove a potential cloud on acreage subject to leasing."  *Id*. at 3317.

Plaintiffs seek a 28-day extension to respond to API's motions to dismiss in the 2016 *WildEarth Guardians* lawsuit and the 2020 *WildEarth Guardians* lawsuit.  But given that the statute of limitations issue has been fully briefed by all parties in the 2021 *WEG* lawsuit, and the statute of limitations arguments advanced in the 2016 and 2020 *WEG* lawsuits are substantively identical to those advanced in the 2021 *WEG* lawsuit, a seven-day extension of the current August 16, 2021 deadline would be sufficient.

---

[2] Intervenor-Defendant American Petroleum Institute's Motion To Dismiss in *WildEarth Guardians v. Haaland,* No. 1:16-cv-01724, Docket No. 201 (Aug. 2, 2021); Intervenor-Defendant American Petroleum Institute's Motion To Dismiss in Part in *WildEarth Guardians v. Haaland*, No. 1:20-cv-056, Docket No. 55 (Aug. 2, 2021); Intervenor-Defendant American Petroleum Institute's Motion To Dismiss In Part, Or, In The Alternative, For Partial Summary Judgment in *WildEarth Guardians v. Haaland*, No. 1:21-cv-00175, Docket No. 28 (June 9, 2021).

The Government has filed motions voluntarily to remand (without vacatur) in all three lawsuits,[3] and plaintiffs' request for a 28-day extension also points to its purported need for additional time to respond to these motions as well, responses that are otherwise due today. But Plaintiffs focus principally on their hope to reach a settlement agreement with the Government on that matter, rather than any actual need for time to respond to the remand motions. And, for the reasons detailed in API's responses to those motions to remand, filed earlier today,[4] the Court should first resolve API's motions to dismiss, and then entertain remand only with respect to those lease sale challenges the Court determines should not be dismissed. Only in that fashion can the purpose for which Congress adopted the relatively short 90-day limitations period be vindicated. That result should adhere regardless of whether the Government unilaterally seeks to remand, or enters into an agreement with Plaintiffs for such a remand. *Cf. Am. Waterways Operators v. Wheeler*, 427 F. Supp. 3d 95 (D.D.C. 2019); *Am. Waterways Operators v. Wheeler*, 507 F. Supp. 3d 47, 53, 56 (D.D.C. 2020) (denying remand agreed to by plaintiffs and the Government, given the objections to remand voiced by the intervenors).

---

[3] *See* Federal Defendants' Second Motion For Voluntary Remand Without Vacatur and Memorandum In Support in the 2016 *WildEarth Guardians* lawsuit, Docket No. 200; Federal Defendants' Second Motion For Voluntary Remand Without Vacatur and Memorandum In Support in the 2020 *WildEarth Guardians* lawsuit, Docket No. 54; Federal Defendants' Motion For Voluntary Remand Without Vacatur and Memorandum In Support in the 2021 *WildEarth Guardians* lawsuit, Docket No. 43.

[4] *See* Response of Intervenor-Defendants American Petroleum Institute, Western Energy Alliance And State Of Utah To Defendants' Motion For Voluntary Remand in the 2016 *WildEarth Guardians* lawsuit, Docket No. 205 (Aug. 13, 2021); Response of Intervenor-Defendants American Petroleum Institute And Western Energy Alliance To Defendants' Motion For Voluntary Remand in the 2020 *WildEarth Guardians* lawsuit, Docket No. 58 (Aug. 13, 2021); and Intervenor-Defendant American Petroleum Institute's Response To Defendants' Motion For Voluntary Remand in the 2021 *WildEarth Guardians* lawsuit, Docket No. 52 (Aug. 13, 2021).

Accordingly, there is no basis for a more than a seven day extension for plaintiffs to respond to the Government's motions to remand.[5]

Respectfully submitted,

August 13, 2021

*/s/ Steven J. Rosenbaum*
Steven J. Rosenbaum
  D.C. Bar No. 331728
Bradley K. Ervin
  D.C. Bar No. 982559
COVINGTON & BURLING, LLP
One CityCenter
850 Tenth St., N.W.
Washington, D.C. 20001
Phone:  (202) 662-6000
Fax:  (202) 662-6291
srosenbaum@cov.com

*Attorneys for American Petroleum Institute*

---

[5] Plaintiffs' contingent motions misstate in footnote 2 their prior discussions with the other parties regarding an extension.  When they first broached that subject last week, it was entirely in the context of seeking additional time for briefing, and they only sought a seven-day extension  -- not a 28 day extension -- for their responses to API's motions to dismiss in the 2016 and 2020 *WEG* lawsuits.  Moreover, although plaintiffs had in discussions stated an intention to file their extension motion by August 6, 2021, they did not do so, and instead (a) filed motions earlier this week seeking to stay the lawsuits in their entirety, based upon their settlement discussions with the Government, and (b) have now sought extensions of a different length of time, and for different purposes, than they had broached with the other parties last week.

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of August, 2021, I caused a true and correct copy of the foregoing to be filed with the Court electronically and served by the Court's CM/ECF System upon the listed counsel:

Samantha Ruscavage-Barz
Daniel L. Timmons
WildEarth Guardians
301 N. Guadeloupe Street, Suite 201
Santa Fe, NM 87501
Tel: (505) 410-4180
sruscavagebarz@wildearthguardians.org
dtimmons@wildearthguardians.org

Kyle Tisdel
Western Environmental Law Center
208 Paseo del Pueblo Sur, Suite 602
Taos, NM 87571
Tel: (575) 613-8050
tisdel@westernlaw.org

*Counsel for Plaintiffs*

Michael Sawyer
Michelle-Ann Williams
U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 514-5273
michael.sawyer@usdoj.gov
michelle-ann.williams@usdoj.goc

*Counsel for Federal Defendants*

Matt VanWormer
Kelly Shaw
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002
Tel: (307) 777-7895
matt.vanwormer@wyo.gov
kelly.shaw@wyo.gov

*Counsel for Intervenor State of Wyoming*

Emily C. Schilling
Holland & Hart LLP
222 South Main, Suite 2200
Salt Lake City, UT 84101
Tel: (801) 799-5753
eschilling@hollandhart.com

*Counsel for Intervenor NAH Utah, LLC*

Andrew C. Lillie
Hogan Lovells US LLP
1601 Wewatta Street, Suite 900
Denver, CO 80202
Tel: (303) 899-7339

andrew.lillie@hoganlovells.com

*Counsel for Intervenor Anschutz Exploration Corporation*


*/s/ Steven J. Rosenbaum*
Steven J. Rosenbaum