# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILDEARTH GUARDIANS; and <br> PHYSICIANS FOR SOCIAL RESPONSIBILITY <br> <br> Plaintiffs, <br> <br> v. <br> <br> DEBRA HAALAND, Secretary, <br> U.S. Department of the Interior; and <br> U.S. BUREAU OF LAND MANAGEMENT <br> <br> Defendants, <br> <br> AMERICAN PETROLEUM INSTITUTE, *et al.*, <br> <br> Intervenor-Defendants. | Case No. 1:21-cv-00175-RC |

**PLAINTIFFS' REPLY TO INTERVENOR-DEFENDANT AMERICAN PETROLEUM INSTITUTE'S OPPOSITION TO PLAINTIFFS' MOTIONS TO STAY**

Having reached an agreement in principle on a framework for a settlement agreement that would result in the stipulated dismissal of this case, as well as two related cases pending before this Court,[1] Plaintiffs WildEarth Guardians and Physicians for Social Responsibility (collectively, "Conservation Groups") have requested this Court to stay this case for sixty days to facilitate a negotiated final resolution to this case. Intervenor American Petroleum Institute (API) objects to the stay, instead seeking to divert the Court's resources to resolving its pending Motion to Dismiss in Part, or, in the Alternative, for Partial Summary Judgment.[2] ECF No. 28.

---

[1] Conservation Groups have filed similar motions to stay proceedings in the related cases. Case Nos. 1:16-cv-1724-RC (ECF No. 203); 1:20-cv-56-RC (ECF No. 56).
[2] API also seeks to have the Court resolve its pending Motions to Dismiss in Part in the two related cases. Case No. 1:16-cv-1724-RC (ECF No. 201); ECF No. 1:20-cv-56-RC (ECF No. 55).

Laser-focused on its attempt to establish new precent that would apply the Mineral Leasing Act's (MLA's) narrow 90-day statute of limitations to National Environmental Policy Act (NEPA) claims involving oil and gas leasing decisions, API ignores the Court's significant interests in judicial economy that would be served by the stay and fails to demonstrate any hardship that would outweigh such interests. Accordingly, the Court should grant the limited stay requested by Conservation Groups to allow the Parties the chance to negotiate a final resolution to the three cases.

The Court has the inherent "power to stay proceedings … incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In deciding whether to stay proceedings, a court must "'weigh competing interests and maintain an even balance' between the court's interests in judicial economy and any possible hardship to the parties." *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 732–33 (D.C. Cir. 2012) (quoting *Landis*, 299 U.S. at 254–55).

Ignoring this relevant standard, API centers its opposition to the stay on the notion that the Court should resolve the statute of limitations issue raised in its Partial Motion to Dismiss before considering either Federal Defendants' Motion for Voluntary Remand Without Vacatur or any potential settlement of the case. API Resp. at 2-3 (ECF No. 54). API argues that "[o]nly in that fashion can the purpose for which Congress adopted the relatively short 90-day limitations period be vindicated." API Resp. at 3. This argument, however, rests on the unstated assumption that the Court will, in fact, grant API's Partial Motion to Dismiss and hold – contrary to a well-established body of judicial precedent[3] – that the MLA's statute of limitations applies to

---

[3] *See* Plaintiffs' Resp. to API Motion to Dismiss in Part, at 2-13 (and cases cited) (ECF No. 41).

Conservation Groups' NEPA claims. But as articulated in Conservation Groups' response to API's Partial Motion to Dismiss, such an assumption is unwarranted. ECF 41, at 2-13. Moreover, even if API's assumption was correct that the MLA statute of limitations bars some of Conservation Groups' claims, API has still not demonstrated sufficient hardship to outweigh the judicial economy served by allowing settlement negotiations to proceed expeditiously, without interruption from multiple briefing deadlines, and without requiring the Court to address multiple pending motions that, in any event, would not fully resolve the three related cases.

Any potential hardship to API is also based on another implicit assumption – that a favorable ruling on the statute of limitations issue would bar Federal Defendants from reconsidering the NEPA analyses which they have sought to voluntarily remand. *See* API Resp. at 2-3 (only by dismissing claims on statute of limitations grounds can lessees be provided "sufficient certainty and comfort as to proceed promptly with development activities").[4] To the contrary, even if Conservation Groups were time-barred from challenging the NEPA analyses, Federal Defendants could still undertake a supplemental NEPA analyses based on their recognition that such analyses contain similarities to the NEPA documents found deficient by the Court in *WildEarth Guardians v. Zinke* ("*WildEarth Guardians I*"), 368 F. Supp. 3d 41, 85 (D.D.C. 2019), and *WildEarth Guardians v. Bernhardt* ("*WildEarth Guardians II*"), 502 F. Supp. 3d 237, 259 (D.D.C. 2020). *See* Federal Defendants' Motion for Voluntary Remand Without Vacatur, at 5 (ECF 43) ("Federal Defendants have determined that a remand is appropriate so they may further analyze the impacts of the challenged leasing decisions. … The analyses

---

[4] API's contention that a final resolution of this case is needed for development activities to proceed is further contradicted by its statements that lessees have "expended substantial resources to obtain BLM approval of dozens of Applications for Permit to Drill ('APDs') for drilling operations on the affected leases; and spent tens of millions of dollars drilling several wells"). API Response to Defendants' Motion for Voluntary Remand, at 9-10 (ECF 52).

3

supporting the challenged leasing decisions are similar in some respects to those that the Court considered in [*WildEarth Guardians I and II*]"). Nothing in the MLA or NEPA would bar Federal Defendants from voluntarily performing a supplemental NEPA analysis even if Conservation Groups' claims were dismissed. Instead, even where NEPA supplementation is not required, Council for Environmental Quality regulations provide that an agency "[m]ay also prepare supplements when the agency determines that the purposes of the Act [NEPA] will be furthered by doing so." 40 C.F.R. § 1502.9(d). *Cf.* 23 C.F.R. § 771.130(a) (providing that NEPA documents "may be supplemented at any time"); *Ecology Ctr., Inc. v. U.S. Forest Serv.,* 451 F.3d 1183, 1189 (10th Cir. 2006) (noting agency prepared SEIS after deeming EIS incomplete). Hence, even if some of Conservation Groups' claims were dismissed on statute of limitations grounds, this would not preclude Federal Defendants from voluntarily supplementing the underlying NEPA documents at issue in this case. Therefore, API would not face any significant hardship from staying this case to allow Conservation Groups and Federal Defendants to negotiate a settlement intended to fully resolve these three related cases.

      Accordingly, the Court should exercise its inherent authority to manage its docket and its equitable power to stay these proceedings for 60 days to facilitate settlement discussions between Conservation Groups and Federal Defendants.

      Respectfully submitted this 13th day of August, 2021,

*/s/ Daniel L. Timmons*
Daniel L. Timmons
Bar No. NM0002
WildEarth Guardians
301 N. Guadalupe Street, Suite 201
Santa Fe, NM 87501
(505) 570-7014
dtimmons@wildearthguardians.org

*/s/ Melissa Hornbein*
Melissa Hornbein
Bar No. MT0004
Western Environmental Law Center
103 Reeder's Alley
Helena, MT 59601
(406) 708-3058
hornbein@westernlaw.org

| | |
|---|---|
| */s/ Samantha Ruscavage-Barz* | */s/ Kyle Tisdel* |
| Samantha Ruscavage-Barz | Kyle Tisdel |
| Bar No. CO0053 | Bar No. NM0006 |
| 301 N. Guadalupe Street, Suite 201 | Western Environmental Law Center |
| Santa Fe, NM 87501 | 208 Paseo del Pueblo Sur, Suite 602 |
| (505) 410-4180 | Taos, NM 87571 |
| sruscavagebarz@wildearthguardians.org | (575) 613-8050 |
| | tisdel@westernlaw.org |

*Attorneys for Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record in this case.

*/s/ Daniel L. Timmons*
Daniel L. Timmons