# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILDEARTH GUARDIANS et al., | Case No. 1:21-cv-00175-RC |
| *Plaintiffs,* | The Honorable Rudolph Contreras |
| v. | |
| DEBRA HAALAND in her official capacity as Secretary of the Interior, et al., | |
| *Federal Defendants*, | |
| and | |
| AMERICAN PETROLEUM INSTITUTE, STATE OF WYOMING, NAH UTAH LLC, and ANSCHUTZ EXPLORATION CORPORATION, | |
| *Defendant-Intervenors*. | |

**FEDERAL DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR VOLUNTARY REMAND WITHOUT VACATUR**

Federal Defendants respectfully submit this reply brief in support of their remand motions in three different lawsuits currently before the Court.[1] Those motions simply ask the Court to once more grant a voluntary remand without vacatur following an intervening Court ruling so that the agency may undertake additional analysis based on the intervening decision. In two prior rulings following *WildEarth Guardians v. Zinke*, 368 F. Supp. 3d 41 (D.D.C. 2019), the Court granted precisely this relief without objection from Intervenor-Defendants.

Since the Court's subsequent decision in *WildEarth Guardians v. Bernhardt*, 502 F. Supp. 3d 237 (D.D.C. 2020), *appeal dismissed* No. 21-5006, 2021 WL 3176109 (D.C. Cir. Apr. 28, 2021), Federal Defendants find themselves in a familiar position: the Court's intervening decision indicates that the challenged agency actions merit additional analysis under the National Environmental Policy Act (NEPA). Accordingly, Federal Defendants have filed essentially identical remand requests, only to find that Intervenor-Defendants now oppose previously unobjectionable conduct.

Intervenor-Defendants present three unavailing arguments for why the Court should deny or defer Federal Defendants' remand requests. *First*, Intervenor-Defendants claim that remand is inappropriate because the agency has not confessed error. *See* Intervenor-Defendant American Petroleum Institute's Resp. to Defs.' Mot. for Voluntary Remand (API Br.), ECF No. 52, at 6–10 (discussing *Am. Waterways Operators v. Wheeler (American Waterways I)*, 427 F. Supp. 3d 95 (D.D.C. 2019), *reconsideration denied,* 507 F. Supp. 3d 47 (D.D.C. 2020) and *Am.*

---

[1] Federal Defendants submitted three different, but similar, voluntary remand motions, which Intervenor-Defendant American Petroleum Institute responded to with a single opposition brief. In the interests of brevity, Federal Defendants submit this single reply brief to all Intervenor-Defendants' oppositions. Unless otherwise indicated, docket references are to *WildEarth Guardians v. Haaland*, Case No. 21-cv-175. The other two cases before the Court are *WildEarth Guardians v. Haaland*, Case No. 16-cv-1724, and *WildEarth Guardians v. Haaland*, Case No. 20-cv-56.

*Waterways Operators v. Wheeler (American Waterways II)*, 507 F. Supp. 3d 47, 53, 56-58 (D.D.C. 2020)). But no confession of error is required under D.C. Circuit law.[2] More importantly, however, the *American Waterways* cases provide no support for Intervenor-Defendants' opposition because—unlike here—there were no intervening developments that preceded the agency's remand request. *American Waterways I*, 427 F. Supp. 3d at 98 ("Nor does EPA identify any intervening legal or factual developments that support remand."). When there are intervening events, voluntary remands "comport[] with the general principle that an agency should be afforded the first word on how an intervening change in law affects an agency decision pending review." *Nat'l Fuel Gas Supply Corp. v. F.E.R.C.*, 899 F.2d 1244, 1249–50 (D.C. Cir. 1990) (per curiam). Indeed, *American Waterways I* firmly supports Federal Defendants' remand request, observing that: "Courts commonly grant such requests when the motion is made in response to intervening events outside of the agency's control, for example, a new legal decision or the passage of new legislation. . . . In those cases, [a] remand is ***generally required*** if the intervening event may affect the validity of the agency action." 427 F. Supp. 3d at 97 (internal quotation marks and citations omitted, emphasis added). Thus, given the Court's intervening *Bernhardt* decision, voluntary remand is "generally required" according to Intervenor-Defendants' leading case. *Id.* (citation omitted). Some courts have even observed that "it can be '*an abuse of discretion* to prevent an agency from acting to cure the very legal defects asserted by plaintiffs challenging federal action.'" *Sierra Club v. Van Antwerp*, 560 F. Supp. 2d 21, 23 (D.D.C. 2008) (emphasis added) (quoting *Citizens Against the Pellissippi Parkway Extension,*

---

[2] The D.C. Circuit has clearly established law that an "agency may request a remand (without confessing error) in order to reconsider its previous position." *Util. Solid Waste Activities Grp. v. Env't Prot. Agency*, 901 F.3d 414, 436 (D.C. Cir. 2018) (per curiam) (quoting *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001)), *judgement entered,* No. 15-1219, 2018 WL 4158384 (D.C. Cir. Aug. 21, 2018) (per curiam).

*Inc. v. Mineta*, 375 F.3d 412, 416 (6th Cir. 2004)).

*Second*, Intervenor-Defendants claim that remand is inappropriate because—in just one of the three cases—API filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) before Federal Defendants sought remand. API Br. 4–6; Intervenor-Defendant Wyo.'s Opp'n to Fed. Defs.' Mot. for Voluntary Remand Without Vacatur (Wyo Br.), ECF No. 51, at 5–7. But this argument fails on jurisdictional, prudential and efficiency grounds.

API's request that the Court decide its motions to dismiss before Federal Defendants' voluntary remand motions likely fails as a threshold jurisdictional matter, depending upon the position that Plaintiffs ultimately take on Federal Defendants' remand motions.[3] Under D.C. Circuit law, when the claimant does not oppose voluntary remand, courts lack jurisdiction to continue the case even when intervenor-defendants desire to continue litigating. *Util. Solid Waste*, 901 F.3d at 438 (granting voluntary remand when "the only parties that object to remand . . . did not challenge any of the relevant provisions in their petition; rather they *defended* the provisions as Intervenors," because "any opinion we issue regarding these provisions would be wholly advisory[,] would resolve no active case or controversy[,] and would award no relief"). Simply put, the Intervenor-*Defendants* lack a claim to preserve the jurisdiction of the Court, no matter whether they have a pending motion. Unless Plaintiffs' forthcoming position maintains a case or controversy, the Court would lack jurisdiction to resolve API's motion to dismiss. *See Foretich v. United States*, 351 F.3d 1198, 1210 (D.C. Cir. 2003) (jurisdiction must exist "throughout the course of litigation").

While Plaintiffs have yet to disclose their position on the instant remand requests,

---

[3] The Court has given Plaintiffs until September 10, 2021 to respond to Federal Defendants' voluntary remand motions. Federal Defendants reserve their right to file additional replies to Plaintiffs' forthcoming responses, if any.

3

Plaintiffs did not oppose prior remand requests, even as they unsuccessfully sought to impose relief conditions on the remand.[4]  Should Plaintiffs take the same position on these remand requests, then the only case or controversy remaining before the Court would be about the propriety of Plaintiffs' requested relief, not the merits of API's motion to dismiss.  *See Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008) (holding that because "[s]tanding is not dispensed in gross," courts must have jurisdiction "for each form of relief that is sought" (internal quotation marks and citations omitted)).  And, as the Court previously held in denying Plaintiffs' requested remedies, "[a]n opposition to a motion is not the appropriate procedural vehicle for seeking their desired remedy," of injunctive relief.  Second Remand Order, at 3.  Thus, unless Plaintiffs' forthcoming opposition completely opposes voluntary remand, there will not be a remaining case or controversy, and thus no basis for the Court to resolve API's pending motion to dismiss.

In addition to these jurisdictional concerns, prudence counsels against deciding API's motions to dismiss before resolving Federal Defendants' voluntary remand motions.  Courts are generally "reluctant" to "make new law" when they can instead "follow a familiar, trod path."  *Booking v. Gen. Star Mgmt. Co.*, 254 F.3d 414, 418 (2d Cir. 2001) (Cabranes, J.).  API's motions

---

[4] Plaintiffs requested that prior remands be conditioned on either vacatur or injunctions against drilling permits pending completion of supplemental NEPA.  Pls.' Resp. to Fed. Defs.' Mot. for Voluntary Remand 1, Case No. 20-cv-56, ECF No. 42 (Sept. 14, 2020) ("Citizen Groups do not oppose partial remand but oppose the motion to the extent that it seeks remand without vacatur.") (internal quotation marks and citations omitted); Pls. Mot. to Amend J. & Mem. in Supp. 2, Case No. 16-cv-1724, ECF No. 108 (June 4, 2019) ("Although Plaintiffs did not oppose BLM's decision to seek voluntary remand of the Utah and Colorado leasing decisions, they did indicate that they opposed the motion in part given that . . . . Federal Defendants refused to commit to . . . refraining from approving APDs.").  In both prior cases, the Court denied Plaintiffs' requests to put conditions on voluntary remand.  Order Granting Fed. Defs.' Mot. for Voluntary Remand Without Vacatur (Second Remand Order), *WildEarth Guardians v. Haaland*, Case No. 20-cv-56, ECF No. 46 (Oct. 23, 2020); Mem. Op. Denying Pls.' Mot. to Am. J (First Remand Order), *WildEarth Guardians v. Haaland*, Case No. 16-cv-1724, ECF No. 121 (July 19, 2019).

to dismiss largely present a statute-of-limitations defense under the Mineral Leasing Act to Plaintiffs' NEPA claims, but there is a split between the courts of appeal over this issue. *Compare Park County Resource Council, Inc. v. U.S. Dep't of Agric.,* 817 F.2d 609, 616 (10th Cir. 1987), *overruled on other grounds by Village of Los Ranchos de Albuquerque v. Marsh,* 956 F.2d 970 (10th Cir. 1992) (en banc)), *with Turtle Island Restoration Network v. U.S. Dep't of Commerce*, 438 F.3d 937, 947 & n.9 (9th Cir. 2006). Rather than reaching out to choose sides in that split—and potentially giving rise to an intra-district split[5]—the Court should "follow [its] familiar, trod path" of voluntary remand. *Booking*, 254 F.3d at 418.

Given the path the Court has already charted in prior remands, a further remand here would be most efficient for the parties and the Court. It bears noting that Intervenor-Defendants could have presented the ninety-day statute-of-limitations argument long ago in either of the first two lawsuits. In Case No. 16-cv-1724, Plaintiffs challenged lease sales held in 2015 through a complaint filed in August 2016. Compl. ¶¶ 104, 110, 114, Case No. 16-cv-1724, ECF No. 1 (Aug. 25, 2016). And in Case No. 20-cv-56, Plaintiffs challenged lease sales held between 2016 and 2018 through a complaint filed in 2020. Compl. p. 52 tbl. A, Case No. 20-cv-56, ECF No. 1 (Jan. 9, 2020). But Intervenor-Defendants elected to forego seeking dismissal based on the statute of limitations at those times; accordingly, the Court issued two lengthy opinions addressing the merits of the challenged NEPA analysis. Now, after the Court's second NEPA decision, API has raised a statute-of-limitations argument that it could have made five years ago.

In doing so, API implores the Court to expend scarce judicial resources issuing a third

---

[5] *See Conservation Law Foundation v. Mineta*, 131 F. Supp. 2d 19, 24 (D.D.C. 2001) ("find[ing] *Park County* to be well-reasoned and persuasive in determining the correct time limitation to apply to NEPA challenges," in the context of the Magnuson–Stevens Fishery Conservation and Management Act).

5

substantive decision, contrary to the basic policies undergirding voluntary remand. "[C]ourts in this Circuit commonly grant motions to remand an administrative record to allow an agency to consider new evidence that became available after the agency's original decision" because "the Circuit prefers 'to allow agencies to cure their own mistakes rather than wasting the courts' and the parties' resources.'" *Sierra Club*, 560 F. Supp. 2d at 23–24 (D.D.C. 2008) (quoting *Ethyl Corp. v. Browner*, 989 F.2d 522, 524 (D.C. Cir. 1993)). Nor would a partial dismissal—which is the only relief that API's first-filed motion seeks—prevent the Court from having to resolve Federal Defendants' voluntary remand motion as to the remaining lease sales.

Not only would API's delayed assertion of this defense force the Court to expend further resources on these lawsuits, but it would also do little to conserve agency resources because the leasing decisions do not conclude the Bureau of Land Management's (BLM's) involvement in oil and gas development on federal land. Before development can proceed, lessees must submit applications for permits to drill (APDs) for BLM's approval. And, as the Court previously cautioned BLM, "[t]o satisfy what NEPA requires, BLM's environmental analysis . . . must provide adequate quantification of the effects of [greenhouse gas (GHG)] emissions in the manner specified in the [*Zinke*] opinion, *before* making any further decisions concerning those leases." First Remand Order, at 5. Accordingly, a dismissal under API's motion would not prevent the agency from expending additional resources to assess GHG emissions for leases arising under the challenged decisions. Nor would such a dismissal remove a cloud over lessees' interests, as relevant NEPA analysis would remain to be done at the APD stage.

In sum, that API filed a motion to dismiss in just one of three cases before Federal Defendants sought voluntary remand is not grounds for deferring consideration of Federal Defendants' voluntary remand motions. Not only is such a request likely to be outside the

6

Court's jurisdiction (depending on Plaintiffs' forthcoming positions), but also prudential and efficiency concerns counsel in favor of "follow[ing the] familiar, trod path" of voluntary remand. *Booking*, 254 F.3d at 418.

*Third*, Intervenor-Defendants contend that the Court should defer consideration of Federal Defendants' voluntary remand requests to avoid alleged prejudice to Intervenor-Defendants. API Br. 8–10; Wyo. Br. 5–8. But Intervenor-Defendants have not provided any significant evidence of prejudice, let alone established a showing of prejudice compelling enough to overcome (1) the strong presumption that remand is appropriate when there is an intervening event like the Court's *Bernhardt* decision or (2) the Federal Defendants' interest in remand.

Any consideration of prejudice must be weighed against the presumption that "[a] remand is generally required if the intervening event may affect the validity of the agency action." *American Waterways I*, 427 F. Supp. 3d at 97 (alteration in original) (citation omitted); *see also Sierra Club*, 560 F. Supp. 2d at 23 ("[I]t can be *an abuse of discretion* to prevent an agency from acting to cure the very legal defects asserted by plaintiffs challenging federal action" (emphasis added) (citation omitted)). Indeed, none of the cases cited by Intervenor-Defendants stand for the proposition that a showing of prejudice can overcome this presumption, as none of those cases addressed a situation with an intervening legal decision, such *Bernhardt*.

In addition to lacking legal precedent that would support their proposed application of prejudice, Intervenor-Defendants lack a compelling case of prejudice. They claim prejudice principally from their leases being left in "limbo" during agency remand proceedings.[6] API Br.

---

[6] Wyoming also claims that the timing of Federal Defendants' voluntary remand motion is prejudicial because it was filed "just one week before API's motion to dismiss was fully briefed." Wyo. Br. 5. That claim is misleading as Federal Defendants notified Intervenor-

7

10; Wyo. Br. 5. But that theory of prejudice relies on a highly attenuated chain of speculation about what courts and agencies might do: (1) that the Court would grant API's motion to dismiss; (2) that the Court's decision would be affirmed on appeal; and (3) that BLM would be unable or unwilling to substantiate the challenged decisions on remand. Were any of those three contingent links not met, Intervenor-Defendants would face no prejudice from a voluntary remand.

Such attenuated claims of prejudice are insufficient to oppose remand even in the absence of an intervening event. *See Am. Forest Res. Council v. Ashe*, 946 F. Supp. 2d 1, 46 (D.D.C. 2013), *judgment entered*, 301 F.R.D. 14 (D.D.C. 2014), *and aff'd*, 601 F. App'x 1 (D.C. Cir. 2015) (per curiam). In *American Forest*, the court evaluated whether it should grant an opposed voluntary remand request or proceed to litigation on the merits. Despite the remand opponent's claim that it would be prejudiced through loss of the opportunity to prevail in the litigation, the Court was not persuaded as reaching "a decision on the merits would not necessarily" benefit the remand opponent. *Id.* at 45–46. The court thus granted remand because the opponent had failed to establish that "the ill-defined prejudice to its timber interests outweighs the certain benefits to be gained by avoiding further litigation." *Id.* at 47. Similarly here, while a voluntary remand has certain benefits in preserving judicial resources and allowing BLM to prepare further NEPA analysis for the challenged decisions, "a decision on [API's motions to dismiss] would not necessarily" benefit Intervenor-Defendants. *Id.* at 46.

---

Defendants of their intent to seek remand before Plaintiffs even filed an opposition to API's motion to dismiss. *See* Ex. 1, Email from B. Ervin to M. Sawyer (July 23, 2021). Intervenor-Defendants, however, requested additional time to formulate a position on Federal Defendants' remand motion, which Federal Defendants extended to them. *Id.* It is hard to understand why the courtesy of receiving additional time to formulate a position would somehow prejudice Intervenor-Defendants.

Given the potential that the Court might reject API's motions to dismiss, the government has an interest in avoiding that outcome, as the relevant statute of limitations, 30 U.S.C. § 226-2, protects agency decisions. As API's motion to dismiss recognizes, "[t]his statutory deadline constitutes 'a condition to the waiver of sovereign immunity.'" Intervenor-Def. API's Mem. in Supp. of Mot. to Dismiss at 14, ECF No. 28-1 (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 94 (1990)). The sovereign thus has a unique interest in litigating the contours of conditions on its waiver of sovereign immunity and thus should be accorded special latitude in determining the appropriate vehicle for asserting this defense, especially in light of the circuit split described *supra* at 4. *Cf. Melkonyan v. Sullivan*, 501 U.S. 89, 103 (1991) (declining to resolve timeliness dispute as the "case [was] not an appropriate vehicle for resolving the issue"). Because "private parties should not be allowed to hijack, via intervention, a government suit," the government should not be forced to bear the risk of further adverse precedent generated by "a private party who may not have a right to sue on his own." *Solid Waste Agency of N. Cook Cnty. v. U.S. Army Corps of Engineers*, 101 F.3d 503, 509 (7th Cir. 1996).

In conclusion, the Court should not expend further judicial resources deciding an issue that API could have presented five years ago at the outset of these related cases. The Court should instead grant voluntary remand without vacatur of the challenged decisions to BLM, in light of the intervening *Bernhardt* decision. As even Intervenor-Defendants' leading case establishes, voluntary remand is "generally required" in such situations. *American Waterways I*, 427 F. Supp. 3d at 97 (citation omitted). Intervenor-Defendants have presented no special circumstances that justify departing from that generally required approach.

9

Respectfully submitted this 27th day of August, 2021.

                    TODD KIM
                    Assistant Attorney General
                    Environment & Natural Resources Division
                    U.S. Department of Justice

*/s/ Michael S. Sawyer*
MICHAEL S. SAWYER
Trial Attorneys, Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202)-514-5273
Fax: (202) 305-0506
Email:  michael.sawyer@usdoj.gov

*Counsel for Federal Defendants*