# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILDEARTH GUARDIANS et al., <br><br> *Plaintiffs,* <br><br> v. <br><br> DEBRA HAALAND in her official capacity as Secretary of the Interior, et al., <br><br> *Federal Defendants*, <br><br> and <br><br> AMERICAN PETROLEUM INSTITUTE, STATE OF WYOMING, NAH UTAH LLC, and ANSCHUTZ EXPLORATION CORPORATION, <br><br> *Defendant-Intervenors*. | Case No. 1:21-cv-00175-RC <br> The Honorable Rudolph Contreras |

**FEDERAL DEFENDANTS' SECOND REPLY IN SUPPORT OF THEIR MOTION FOR VOLUNTARY REMAND WITHOUT VACATUR**

Federal Defendants respectfully submit this second reply brief in support of their remand motions in three different lawsuits currently before the Court.[1] This reply responds to the Response brief submitted by Plaintiffs.[2] Plaintiffs "do not oppose BLM's Motion for Voluntary Remand Without Vacatur, subject to this Court maintaining continuing jurisdiction pending the remand and Conservation Groups' ongoing settlement negotiations with BLM." ECF No. 61, at 2. As explained below, the Court should grant voluntary remand without the conditions that Plaintiffs seek to place on it.

The Court should not maintain jurisdiction pending ongoing settlement negotiations between Plaintiffs and BLM. While Plaintiffs and BLM have reached a tentative settlement framework, numerous potential stumbling blocks remain to settling the litigation. Formal settlement language must be negotiated; approval within the federal government must be obtained; and Plaintiffs will ask the Court to approve the settlement agreement (potentially over the objections of Defendant-Intervenors). Rather than pursuing a course of action that will expend scarce government and judicial resources on further litigation activity, the Court should grant the pending voluntary remand motions, as Plaintiffs do not oppose them, let alone provide a reason why the Court should deny them.

Nor should the Court maintain jurisdiction pending remand. Plaintiffs have twice previously requested that the Court retain jurisdiction pending a voluntary remand. Pls.' Resp. to Fed. Defs.' Mot. for Voluntary Remand 10, *WildEarth Guardians v. Haaland*, Case No. 20-cv-

---

[1] Federal Defendants previously submitted a reply brief responding to the oppositions from Intervenor-Defendants. ECF No. 59.

[2] Plaintiffs filed largely identical response briefs across all three lawsuits. In the interests of brevity, Federal Defendants submit this single reply brief to Plaintiffs' response. Unless otherwise indicated, docket references are to *WildEarth Guardians v. Haaland*, Case No. 21-cv-175. The other two cases before the Court are *WildEarth Guardians v. Haaland*, Case No. 16-cv-1724, and *WildEarth Guardians v. Haaland*, Case No. 20-cv-56.

1

56, ECF No. 42 (Sept. 14, 2020) (requesting that the Court "retain jurisdiction over this matter throughout the remand process"); Pls.' Mot. to Amend J. & Mem. in Supp. 8–9, *WildEarth Guardians v. Bernhardt*, No. 16-1724 (RC), ECF No. 108 (June 4, 2019) (asking the Court to "retain jurisdiction over the remand" that BLM had voluntarily sought).  And the Court twice rejected those requests.  Order, *WildEarth Guardians v. Haaland*, Case No. 20-cv-56, ECF No. 46 (Oct. 23, 2020); Mem. Op., *WildEarth Guardians v. Bernhardt*, No. 16-1724 (RC), ECF No. 121 (July 19, 2019).  As the Court explained, "[t]o the extent that Plaintiffs wish to challenge the adequacy of BLM's new NEPA analysis" that may issue on remand, "they must supplement their complaint to raise these new claims," or bring a new suit.  Mem. Op. at 8.

In conclusion, Federal Defendants respectfully request that the Court "follow [its] familiar, trod path" of voluntary remand without vacatur.  *Booking v. Gen. Star Mgmt. Co.*, 254 F.3d 414, 418 (2d Cir. 2001) (Cabranes, J.).  That result "is generally required if [an] intervening event may affect the validity of the agency action."  *Am. Waterways Operators v. Wheeler*, 427 F. Supp. 3d 95 (D.D.C. 2019), *reconsideration denied,* 507 F. Supp. 3d 47 (D.D.C. 2020).

Respectfully submitted this 16th day of September, 2021.

    TODD KIM
    Assistant Attorney General
    Environment & Natural Resources Division
    U.S. Department of Justice

    */s/ Michael S. Sawyer*
    MICHAEL S. SAWYER
    Trial Attorneys, Natural Resources Section
    Ben Franklin Station, P.O. Box 7611
    Washington, D.C. 20044-7611
    Telephone: (202)-514-5273
    Fax: (202) 305-0506
    Email: michael.sawyer@usdoj.gov

    *Counsel for Federal Defendants*