## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILDEARTH GUARDIANS, *et al.*, | |
| Plaintiffs, | |
| | No. 1:21-cv-00175-RC |
| v. | |
| DEBRA HAALAND,  *et al.*, | |
| Defendants, | |
| AMERICAN PETROLEUM INSTITUTE; STATE OF WYOMING, | |
| Intervenor-Defendants. | |

**INTERVENOR-DEFENDANT AMERICAN PETROLEUM INSTITUTE'S RESPONSE TO JOINT STATUS REPORT**

Pursuant to the Court's October 20, 2021 Order, Plaintiffs and Federal Defendants submitted a Joint Status Report on November 3, 2021.  *See* Joint Status Report (Dkt. No. 63).  The Joint Status Report states, among other things, that "[t]he Parties are now in the process of negotiating language in a draft proposed settlement agreement circulated by Federal Defendants." *Id.* at 1.  Although Intervenor-Defendant American Petroleum Institute ("API") is a party to this action, *see*, *e.g.*, *District of Columbia v. Merit Sys. Protection Bd.*, 762 F.2d 129, 132 (D.C. Cir. 1985) ("Intervenors under Rule 24(a)(2) assume the status of full participants in a lawsuit and are normally treated as if they were original parties once intervention is granted."), it has not been included in these discussions.

The Joint Status Report further requests an order directing the Plaintiffs and Federal Defendants "to file a joint status report within forty-five days . . . if a stipulation of dismissal cannot be filed within this time[.]"  Joint Status Report at 2.  Because the Federal Defendants and

intervenor-defendants in this matter have filed answers to the Amended Complaint, *see* Dkt. Nos. 21, 22, 35, 36, 37, a stipulation of dismissal must be "signed by all parties who have appeared" in order to effect a dismissal without an order from the Court.  *See* Fed. R. Civ. P. 41(a)(1)(A)(i)– (ii).

Absent agreement of all parties, dismissal would instead require that the Plaintiffs and Federal Defendants file a motion seeking an order of dismissal from the Court.  *See* Fed. R. Civ. P. 41(a)(2).  API would need to review such motion before determining its position with respect thereto.  In any event, for the reasons set forth in API's responses to Plaintiffs' Motion to Stay and to Federal Defendants' Motion for Voluntary Remand, *see* API Responses (Dkt. Nos. 52, 54), API has asked that the Court resolve API's statute of limitations challenge to Plaintiffs' claims before addressing any voluntary dismissal or remand..

Respectfully submitted,

November 5, 2021

*/s/ Steven J. Rosenbaum*
Steven J. Rosenbaum
Bradley K. Ervin
COVINGTON & BURLING, LLP
One CityCenter
850 Tenth St., N.W.
Washington, D.C. 20001
Phone:  (202) 662-6000
Fax:  (202) 662-6291
srosenbaum@cov.com

*Attorneys for American Petroleum Institute*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of November, 2021, I caused a true and correct copy of the foregoing to be filed with the Court electronically and served by the Court's CM/ECF System upon all counsel of record.

> */s/  Steven J. Rosenbaum*
> Steven J. Rosenbaum