IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILDEARTH GUARDIANS, ) <br> PHYSICIANS FOR SOCIAL RESPONSIBILITY ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DAVID BERNHARDT, *et al.*, ) <br> ) <br> Federal Defendants. ) <br> ) | Case No. 1:21-cv-175-RC <br> The Honorable Rudolph Contreras |

**JOINT STATUS REPORT**

Pursuant to the Court's Order on December 20, 2021, Plaintiffs, Federal Defendants, and Intervenors jointly submit the following status report updating the Court on the status of ongoing settlement negotiations between the parties.

**Joint Statement of Plaintiffs and Federal Defendants**

On August 10, 2021, Plaintiffs filed a Motion to Stay Proceedings in this litigation for 60 days to facilitate settlement negotiations, explaining that Plaintiffs and Federal Defendants had reached an agreement in principle on a framework for a settlement agreement that would result in the stipulated dismissal of this case, as well as two related cases pending before this Court: Case Nos. 1:16-cv-1724-RC and 1:20-cv-56-RC. *See* ECF No. 46. Pursuant to the Court's Order on October 20, 2021, Plaintiffs and Federal Defendants filed a Joint Status Report on November 3, 2021, informing the Court that the Parties needed additional time to negotiate the specific language of a final settlement agreement and for Federal Defendants to obtain the higher-level approvals necessary to formally enter into such an agreement. ECF No. 63.

Pursuant to the Court's November 15, 2021 order, Plaintiffs and Federal Defendants informed the Court on December 20, 2021 that they had reached agreement in principle on final language for a settlement agreement, and were in the process of obtaining the necessary final approvals. In light of the intervening holidays, Federal Defendants represented this process could take approximately 45 days.

Federal Defendants now represent that limited additional time is still needed to obtain the required final approvals. While the Department of Interior's review of the proposed settlement agreement has now been completed, final approval from the Department of Justice is still needed before the settlement agreement can be executed.

On January 6, 2022, Plaintiffs and Federal Defendants provided the proposed settlement agreement to Intervenors.

Because Plaintiffs and Federal Defendants are in the midst of finalizing a negotiated settlement agreement, and to accommodate the amicable resolution of this litigation and conserve judicial resources, Plaintiffs and Federal Defendants propose that the Court order them to file a joint status report within fourteen days, proposing a course for further proceedings, if a joint motion or stipulation of dismissal cannot be filed within this time, on or before February 17, 2022.

**Joint Statement of Intervenors American Petroleum Institute, State of Wyoming, Anschutz Exploration Corporation, and NAH Utah, LLC**

The American Petroleum Institute ("API") represents, among other groups, lessees that purchased oil and gas leases during the lease sales challenged in this litigation, and in the two similar cases filed by Plaintiffs and pending before this Court. In response to solicitations issued by the United States, the lessees as a whole paid tens of millions of dollars in bonuses to the United States to obtain the challenged leases, and many lessees have expended significant

additional resources toward development of the purchased leases.  Plaintiffs and Federal Defendants now indicate in each of the three cases filed before this Court that they have reached an agreement to settle the pending litigation.

Despite lessees' substantial investments in the contract properties that are the subject of Plaintiffs' lawsuits, and despite the intervenors' requests to be included in the settlement discussions, Plaintiffs and the Federal Defendants have failed to include API or the other intervenors in the process that led to the purported agreement to settle litigation directly impacting lessees' significant interests.  For example, the intervenors have not been included in, or otherwise made aware of, any specific communications regarding settlement or settlement terms.  Only on December 17, 2021, after the Plaintiffs and Federal Defendants circulated the previous draft status statement, and upon further request from an intervenor, did Plaintiffs and Federal Defendants provide a brief summary of the proposed settlement framework.  And only on January 6, 2022—two weeks after Plaintiffs and Federal Defendants informed this Court that an agreement was in the final stages of approval—did Plaintiffs and Federal Defendants provide the proposed settlement agreements to intervenors.

In short, Plaintiffs and Federal Defendants repeatedly failed to inform the intervenors of the precise nature or extent of the settlement impacts on lessees' substantial contractual and property interests in their oil and gas leases, or to make any effort whatsoever to ensure that lessee interests are being addressed.  As detailed in API's prior Response to Joint Status Report (Dkt. No. 64) and the Joint Statement of the Intervenors (Dkt. No. 67), no stipulation can effect a dismissal of this case without an order of the Court unless the stipulation is "signed by all parties who have appeared."  *See* Fed. R. Civ. P. 41(a)(1)(A)(i)–(ii).  In other words, absent the intervenors' consent, Plaintiffs and Federal Defendants must file a motion seeking an order of

dismissal from the Court.  *See* Fed. R. Civ. P. 41(a)(2).  The intervenors would need to review such a motion before determining a position.

Rather than continue to stay this litigation pending the long closed settlement process, this Court should exercise its discretion to resolve API's pending and fully briefed motion to dismiss Plaintiffs' claims against the bulk of the challenged lease sales.  *See* API Motion to Dismiss in Part, or, In the Alternative, for Partial Summary Judgment (Dkt. No. 28).  By first resolving API's argument that Plaintiffs' claims are largely time-barred, the Court can both effectuate congressional intent in adopting a 90-day limitation period for challenges to oil and gas leases, and narrow the range of issues—and lessee interests—subject to dispute and settlement.

By contrast, imposing a settlement upon lessees' contractual and property interests, where the intervenors have been excluded from the settlement process and have raised reasonable grounds for dismissal of the majority of Plaintiffs' claims, is fundamentally unfair and unreasonable to intervenors as full parties in the litigation.  *E.g.*, *District of Columbia v. Merit Sys. Protection Bd.*, 762 F.2d 129, 132 (D.C. Cir. 1985) ("Intervenors under Rule 24(a)(2) assume the status of full participants in a lawsuit and are normally treated as if they were original parties once intervention is granted.").

Respectfully submitted on this 3rd day of February 2022.

 /s/ Daniel L. Timmons
Daniel Timmons
WildEarth Guardians
301 N. Guadalupe Street, Suite 201
Santa Fe, NM  87501
Tel.: 505-570-7014
E-mail: dtimmons@wildearthguardians.org

Kyle Tisdel
Western Environmental Law Center
208 Paseo Del Pueblo Sur, No. 602
Taos, NM  87571
Tel.: (575) 613-4197
E-mail: tisdel@westernlaw.org

Samantha Ruscavage-Barz
301 N. Guadalupe St. Suite 201
Santa Fe, NM 87501
Tel.: (505) 401-4180
Fax: (505) 213-1895
E-mail: sruscavagebarz@wildearthguardians.org

*Attorneys for Plaintiffs*

JEAN WILLIAMS
Acting Assistant Attorney General
Environment & Natural Resources Division

By */s/ Michael S. Sawyer*
MICHAEL S. SAWYER
Trial Attorney, Natural Resources Section
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044-7611
Tel.: 202-514-5273
E-mail: michael.sawyer@usdoj.gov

*Attorneys for Federal Defendants*

*/s/ Steven J. Rosenbaum*
Steven J. Rosenbaum
Bradley K. Ervin
COVINGTON & BURLING, LLP
One CityCenter
850 Tenth St., N.W.
Washington, D.C. 20001
Phone: (202) 662-6000
Fax: (202) 662-6291
srosenbaum@cov.com

*Attorneys for American Petroleum Institute*

*/s/ Matt VanWormer*
Matt VanWormer, WSB No. 7-5804
Senior Assistant Attorneys General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002
(307) 777-7895 telephone
(307) 777-3542 facsimile
matt.vanwormer@wyo.gov

*Counsel for the State of Wyoming*

*/s/ Andrew C. Lillie*
Andrew C. Lillie
Jessica Black Livingston
HOGAN LOVELLS US LLP

1601 Wewatta Street, Suite 900
Denver, CO 80202
andrew.lillie@hoganlovells.com
jessica.livingston@hoganlovells.com
Phone: (303) 899-7300
Facsimile: (303) 899-7333

*Attorneys for Defendant–Intervenor*
*Anschutz Exploration Corporation*

*/s/ Hadassah M. Reimer*
Hadassah M. Reimer (WY002)
Holland & Hart LLP
25 South Willow Street, Suite 200
Jackson, WY 83001
Ph. 307-739-9741 / Fax 307-739-9744
hmreimer@hollandhart.com

Emily C. Schilling (No. 490483)
Holland & Hart LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101
Ph. 801-799-5753 / Fax 202-747-6574
ecschilling@hollandhart.com

Kristina (Tina) R. Van Bockern (CO0100)
Kristin A. Nichols (CO0099)
Holland & Hart LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202
Ph. 303-295-8000 / Fax 720-545-9952
trvanbockern@hollandhart.com
kanichols@hollandhart.com

*Attorneys for Defendant-Intervenor*
*NAH Utah, LLC*

6

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record in this case.

*/sDaniel L. Timmons*
Daniel L. Timmons
