# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILDEARTH GUARDIANS,<br>PHYSICIANS FOR SOCIAL RESPONSIBILITY<br><br>Plaintiffs,<br><br>v.<br><br>DEBRA HAALAND, *et al.*,<br><br>Federal Defendants.<br><br>and<br><br>AMERICAN PETROLEUM INSTITUTE, *et al.*,<br><br>Defendant-Intervenors. | Case No. 1:21-cv-0175-RC<br>The Honorable Rudolph Contreras |

## MOTION FOR VOLUNTARY DISMISSAL

Pursuant to Fed. R. Civ. P. 41(a)(2), Plaintiffs WildEarth Guardians and Physicians for Social Responsibility hereby move the Court for an order voluntarily dismissing this action with prejudice. Guardians asks the Court to retain jurisdiction solely for the purpose of resolving any motion for attorneys' fees and costs filed that have been or may be timely filed by Plaintiffs in accordance with the Equal Access to Justice Act.

As previously explained in various Joint Status Reports filed with the Court, ECF Nos. 63, 67, 68, 69, Plaintiffs and Federal Defendants reached an agreement in principle in August 2021 on a framework for a settlement agreement to resolve this case, as well as two related cases pending before this Court: Case Nos. 1:16-cv-1724-RC and 1:20-cv-56-RC. After additional negotiations, including modifications to the language of the settlement agreement in response to

objections raised by one Intervenor-Defendant, Plaintiffs and Federal Defendants have now finalized a Stipulated Settlement Agreement, attached as Exhibit 1, and Plaintiffs voluntarily seek the Court's dismissal of the case in accordance with the terms of that agreement.

Plaintiffs have conferred with counsel for the other parties in this case. Federal Defendants consent to the requested voluntary dismissal. Intervenor-Defendants American Petroleum Institute, Anschutz Exploration Corporation, NAH Utah, LLC, and State of Wyoming oppose the motion.

## ARGUMENT

Federal Rule of Civil Procedure 41(a)(2) states that, except in circumstances not present here, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "To determine whether dismissal is appropriate, a court looks to (1) whether the motion 'was sought in good faith' and (2) whether the defendant 'would suffer legal prejudice from a dismissal at this stage in the litigation.'" *N.S. by & through S.S. v. D.C.*, 272 F. Supp. 3d 192, 196 (D.D.C. 2017) (quoting *Indep. Fed. Sav. Bank v. Bender*, 230 F.R.D. 11, 13 (D.D.C. 2005)). "Because dismissal of claims against a defendant rarely prejudices that party, the grant of a voluntary dismissal is virtually automatic." *Blue v. D.C. Pub. Sch.*, 764 F.3d 11, 19 (D.C. Cir. 2014). Here, Federal Defendants support this motion as a term of its Settlement Agreement with Plaintiffs. Moreover, Intervenor API—with the support of the remaining Intervenors—has previously asked the Court to partially dismiss this case, ECF No. 28, further demonstrating that dismissal would not cause prejudice. Accordingly, the Court should grant Plaintiff's Motion for Voluntary Dismissal because it is sought in good faith and dismissal would not prejudice any party to the case.

### I. Plaintiffs' Motion for Dismissal is Sought in Good Faith

Plaintiffs seek voluntary dismissal of this case in accordance with the Stipulated Settlement Agreement reached between Plaintiffs and Federal Defendants. *See* Ex. 1. Material terms of that agreement include a commitment from the Bureau of Land Management ("BLM") to "conduct additional NEPA analysis for the two leasing decisions challenged in Plaintiffs' Supplemental Complaint, consistent with the Court's prior decisions in *WildEarth Guardians v. Haaland*, 16-cv-1724 (D.D.C.)." *Id*. at ¶ 1. This commitment largely parallels the relief granted by the Court in its two prior merits decisions in that related case, *WildEarth Guardians v. Zinke*, 68 F.Supp.3d 41 (D.D.C. 2019); *WildEarth Guardians v. Bernhardt*, 502 F.Supp.3d 237 (D.D.C. 2020), requiring BLM to take a meaningful hard look at the direct, indirect, and cumulative impacts of climate change for the leasing decisions challenged in this case. BLM has further committed to providing Plaintiffs with notice, via a web portal, of any new Application for Permit to Drill ("APD") on the leasing decisions remaining at issue in this case, providing additional relief to Plaintiffs not previously provided by the Court.

Public policy favors settlement of disputes. *U.S. v. North Carolina*, 180 F.3d 574, 581 (4th Cir. 1999). This policy encouraging settlement has "particular force where, as here, a government actor committed to the protection of the public interest has pulled the laboring oar in constructing the proposed settlement." *United States v. Cannons Engineering Corp.*, 899 F.2d 79, 84 (1st Cir. 1990). In light of the negotiated settlement agreement underlying Plaintiffs' Motion for Voluntary Dismissal, Plaintiffs have acted in good faith in seeking voluntary dismissal.

## II. No Party Would be Prejudiced by Voluntary Dismissal

Voluntary dismissal is further appropriate because the Stipulated Settlement Agreement imposes no legal obligations on Intervenors, and dismissal with prejudice will not cause any legal prejudice to Intervenors.

In the Joint Status Reports, Intervenors have repeatedly complained that they have not been included in the settlement discussions that resulted in the Stipulated Settlement Agreement. *See, e.g.,* ECF Nos. 67, 68, 69. However, absent a legal right to "any specific communications regarding settlement or settlement terms," ECF No. 69, at 3, Intervenors have not suffered any legal prejudice. The Stipulated Settlement Agreement imposes no obligations on Intervenors and does not otherwise affect any of their legal or contractual rights in the leases at issue. Moreover, after circulating a draft proposed settlement agreement with Intervenors, Federal Defendants revised the proposed settlement agreement in response to certain concerns raised by an Intervenor in one of the related cases. ECF No. 69, at 1-2. Intervenors have identified no legal prejudice that would result from either the Stipulated Settlement Agreement or dismissal of this case.

Voluntary dismissal pursuant to the terms of the Stipulated Settlement Agreement would have no impact on Intervenors' lease rights. If upon completion of additional NEPA analyses, BLM were to ultimately determine that the challenged leases needed to be vacated or modified with additional stipulations, the affected Intervenors would have an opportunity at that time to challenge such a decision. But Intervenors cannot rely on such a possibility to preemptively prevent BLM from taking a hard look at the environmental consequences of the agency's prior leasing decisions, particularly in light of the Court's earlier decisions in this case, which call into question the validity of the environmental review underlying the challenged leasing decisions.

This is particularly true, as here, where Intervenors have advanced no claim or record evidence to substantiate such concerns.

Under 40 C.F.R. § 1502.9(d)(2), BLM is permitted to undertake supplemental NEPA review at any time "when the agency determines that the purposes of [NEPA] will be further by doing so." Federal Defendants have, in fact, sought voluntary remand in this case to conduct such additional NEPA review, explaining that "Federal Defendants have determined that a remand is appropriate so they may further analyze the impacts of the challenged leasing decisions" in light of the Court's *Bernhardt* decision. ECF No. 43, at 6 (citing *Bernardt*, 502 F. Supp. 3d at 259.

Even absent a grant of voluntary remand or dismissal by this Court, Federal Defendants have the discretion to conduct supplemental NEPA analysis given their expressed concerns that "[t]he analyses supporting the challenged leasing decisions are similar in some respects to those the Court considered in *Bernhardt and Zinke*." ECF No. 43, at 6. *See also* 40 C.F.R. § 1501.5 ("An agency may prepare an environmental assessment on any action in order to assist agency planning and decision making.") Because BLM has the discretion to conduct additional NEPA on the challenged leases, irrespective of any settlement agreement or dismissal of the litigation, Intervenors have suffered no legal prejudice from BLM's commitment to do so through the Stipulated Settlement Agreement.

Intervenors would undoubtedly prefer to have the Court dismiss this case on statute of limitations grounds. But a pending motion to dismiss does not limit the Court's discretion to grant voluntary dismissal. As the D.C. Circuit has explained, "los[ing] an opportunity for a favorable final disposition of the case ... is not important as long as [defendant] suffers no legal prejudice from dismissal." *Kellmer v. Raines*, 674 F.3d 848, 851 (D.C. Cir. 2012) (quoting

*Conafay v. Wyeth Labs,* 841 F.2d 417, 420 (D.C. Cir. 1988)). Because Plaintiffs are seeking dismissal with prejudice – the exact same remedy requested in API's motion to dismiss – Intervenors cannot show legal prejudice from voluntary dismissal. Moreover, even if Plaintiffs were to rescind the Stipulated Settlement Agreement and refile their complaint, API's argument to dismiss the case on statute of limitations grounds would remain fully available. *See Kellmer,* 674 F.3d at 851 (pending motion to dismiss does not mandate denial of voluntary dismissal). Accordingly, Intervenors will suffer no legal prejudice from dismissal.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Voluntary Dismissal, and enter an order retaining jurisdiction solely for the purposes of resolving any motion for attorneys' fees and costs filed that have been or may be timely filed by Plaintiffs in accordance with the Equal Access to Justice Act.

Respectfully submitted on this 4th day of March 2022.

*/s/ Daniel L. Timmons*
Daniel Timmons
WildEarth Guardians
301 N. Guadalupe Street, Suite 201
Santa Fe, NM  87501
Tel.: 505-570-7014
E-mail: dtimmons@wildearthguardians.org

Kyle Tisdel
Western Environmental Law Center
208 Paseo Del Pueblo Sur, No. 602
Taos, NM  87571
Tel.: (575) 613-4197
E-mail: tisdel@westernlaw.org

        Samantha Ruscavage-Barz
        301 N. Guadalupe St. Suite 201
        Santa Fe, NM 87501
        Tel.: (505) 401-4180
        Fax: (505) 213-1895
        E-mail: sruscavagebarz@wildearthguardians.org

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record in this case.

        */s/ Daniel L. Timmons*
        Daniel L. Timmons