# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILDEARTH GUARDIANS et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>DEBRA HAALAND in her official capacity as Secretary of the Interior, et al.,<br><br>*Federal Defendants*,<br><br>and<br><br>AMERICAN PETROLEUM INSTITUTE, STATE OF WYOMING, NAH UTAH LLC, and ANSCHUTZ EXPLORATION CORPORATION,<br><br>*Defendant-Intervenors*. | Case No. 1:21-cv-00175-RC<br>The Honorable Rudolph Contreras |

**FEDERAL DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(H)(3)**

Federal Defendants support Plaintiffs' voluntary dismissal motions brought pursuant to Federal Rule of Civil Procedure 41(a)(2) and also respectfully move the Court to dismiss this trio of cases for lack of subject matter jurisdiction.[1]  Intervenor-Defendants have opposed Plaintiffs' motions requesting that the Court issue a variety of advisory opinions before partially dismissing Plaintiffs' claims on other grounds.  Given the complexities raised by Intervenor-Defendants' oppositions to Plaintiffs' motions, Federal Defendants bring this motion to seek a more straightforward, mandatory dismissal on a threshold issue.  Because there is no longer an active case or controversy before the Court, the Court "must dismiss the action[s]." Fed. R. Civ. P. 12(h)(3).  And questions of subject-matter jurisdiction present threshold issues that the Court must address before resolving any of the pending motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

Because Plaintiffs have settled their claims, *e.g.*, Stipulated Settlement Agreement, ECF No. 71-1, the Court lacks subject matter jurisdiction under *Util. Solid Waste Activities Grp. v. Env't Prot. Agency (USWAG)*, 901 F.3d 414 (D.C. Cir. 2018).  In *USWAG*, industry petitioners challenged certain agency actions and environmental groups intervened to defend those actions. *Id.* at 437–38.  The agency moved to remand the challenged actions and the industry petitioners did not oppose that motion.  *Id.* at 438.  Although the environmental groups opposed remand, the D.C. Circuit held that it lacked jurisdiction over agency actions that were no longer being challenged.  *Id.*  The court explained that because the environmental groups "did not challenge any of the relevant provisions in their petition; rather they defended the provisions as

---

[1] In the interests of brevity, Federal Defendants submit the same motion in all three cases. Unless otherwise indicated, docket references are to *WildEarth Guardians v. Haaland*, No. 21-cv-175 (D.D.C. filed Jan. 19, 2021).  The other two cases before the Court are *WildEarth Guardians v. Haaland*, No. 16-cv-1724 (D.D.C. filed Aug. 25, 2016), and *WildEarth Guardians v. Haaland*, No. 20-cv-56 (D.D.C. filed Jan. 9, 2020).

1

Intervenors. . . . any opinion we issue regarding these provisions would be wholly advisory; it would resolve no active case or controversy and would award no relief." *Id.*

Similarly here, the Court now lacks jurisdiction because none of the Intervenor-Defendants have challenged the leasing decisions. While Intervenor-Defendants have sought to defend the leasing decisions, they have presented no counterclaims and sought no affirmative relief. *See, e.g.*, ECF Nos. 15-4, 20-1, 23-3, 25-2. When a party has "failed to raise any substantive claims," it "does not have power to block [a consent] decree"—let alone a voluntary dismissal—"merely by withholding its consent." *Loc. No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 529–30 (1986). Because the leasing decisions now "stand unchallenged on their merits[,]" any opinion the Court issues regarding those decisions "would be wholly advisory," "would resolve no active case or controversy and would award no relief." *USWAG*, 901 F.3d at 438. Accordingly, the Court "must dismiss the action[s]" for lack of subject matter jurisdiction under Rule 12(h)(3).

Dismissing for lack of subject-matter jurisdiction accords with long-standing precedent on how voluntary settlement affects federal court jurisdiction. "The judicial power extends only to cases or controversies, and it is well established that parties' voluntary settlement of their entire dispute renders a case moot, thereby depriving the court of jurisdiction to decide the . . . petition for review." *Lopez v. Nat'l Lab. Rels. Bd.*, 655 F. App'x 859, 861 (D.C. Cir. 2016) (cleaned up) (collecting cases going back to 1911). Here, Plaintiffs and Federal Defendants have resolved their entire dispute, thus rendering moot any controversy that may have previously existed. Although Intervenor-Defendants may dislike that settlement, "[i]t has never been supposed that one party—whether an original party, a party that was joined later, or an intervenor—could preclude other parties from settling their own disputes and thereby

2

withdrawing from litigation." *Loc. No. 93*, 478 U.S. at 529–30.  Intervenor-Defendants nonetheless ask the Court to violate this foundational principle by addressing their partial motions to dismiss now-moot claims.

Because subject-matter jurisdiction addresses the threshold issue of the Court's ability to hear the case, this Rule 12(h)(3) motion must be resolved before addressing Intervenor-Defendants' pending motions under Federal Rules of Civil Procedure 12(b)(6) or 56.  *See*, *e.g.*, Intervenor-Def. Amer. Petroleum Instit.'s Mot. to Dismiss in Part, Or, In the Alternative, for Partial Summ. J., ECF No. 28.  As the Court recently held, "[w]hen Rules 12(b)(1) [or 12(h)(3)] and 12(b)(6) are invoked together, as they are here, a court must first address the issues encompassed by Rule 12(b)(1) [or 12(h)(3)], as those issues implicate the court's ability to hear the case at all." *Darby v. U.S. Dep't of Veterans Affs.*, No. CV 21-381 (RC), 2022 WL 816088, at *2 (D.D.C. Mar. 17, 2022).  Similarly, the D.C. Circuit has held that "[w]hen a court lacks subject matter jurisdiction, it must dismiss the case and not grant summary judgment." *Auster v. Ghana Airways Ltd.*, 514 F.3d 44, 48 (D.C. Cir. 2008) (reversing entry of summary judgment for defendants and directing the district court to instead dismiss for lack of subject matter jurisdiction).

The wisdom of treating subject matter jurisdiction as a threshold issue is revealed by Intervenor-Defendants' oppositions to Plaintiffs' voluntary dismissal motions.  Those opposition briefs ask the Court to render numerous advisory opinions about: (1) helium development, NAH Utah, LLC's Resp. to Pls.' Mot. for Voluntary Dismissal 8-9, ECF No. 77; (2) processing of applications to permit drilling (APDs), *id.* at 5–7; (3) potential contract claims, Intervenor-Def. Anschutz Exploration Corp.'s Opp. to Pls.' Mot. for Voluntary Dismissal 6, ECF No. 78; and (4) partial statute-of-limitations defenses, Intervenor-Defs. Amer. Petroleum Instit.'s and State of

Wyoming's Opp. to Mot. for Voluntary Dismissal 5-9, ECF No. 76.  But the Court cannot render any of those advisory opinions because there is no longer an active claim before the Court.  *See USWAG*, 901 F.3d at 438.  And while one Intervenor-Defendant suggests there is an ongoing case or controversy because the Court was asked to "approv[e] the settlement agreement," *see* ECF No.78 at 3, that argument misstates the posture of the case.  The settlement agreements between Plaintiffs and Federal Defendants are voluntary contracts that do not require court approval, and no such approval has been sought.

In sum, all Parties agree that Plaintiffs' challenges to the leasing decisions at issue should be dismissed.  While the Parties may disagree about how that dismissal should occur, such disagreements are insufficient to preserve a case or controversy necessary for the Court's Article III jurisdiction.  *See USWAG*, 901 F.3d at 437–38.  Because the Court's lack of subject matter jurisdiction presents a threshold defect to further consideration of Intervenor-Defendants partial dismissal motions under Rule 12(b)(6), the Court "must dismiss the action[s]" for lack of subject matter jurisdiction under Rule 12(h)(3).

Respectfully submitted this 11th day of April, 2022.

                    TODD KIM
                    Assistant Attorney General
                    Environment & Natural Resources Division
                    U.S. Department of Justice

                    */s/ Michael S. Sawyer*
                    MICHAEL S. SAWYER
                    Senior Attorney, Natural Resources Section
                    Ben Franklin Station, P.O. Box 7611
                    Washington, D.C. 20044-7611
                    Telephone: (202) 514-5273
                    Fax: (202) 305-0506
                    Email:  michael.sawyer@usdoj.gov

                    *Counsel for Federal Defendants*