**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WILDEARTH GUARDIANS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DEBRA HAALAND,  *et al.*, <br><br> Defendants, <br><br> and <br><br> AMERICAN PETROLEUM INSTITUTE, *et al.*, <br><br> Intervenor-Defendants. | No. 1:21-cv-00175-RC |

**INTERVENOR-DEFENDANTS AMERICAN PETROLEUM INSTITUTE'S, STATE OF
WYOMING'S, NAH UTAH, LLC'S, AND ANSCHUTZ EXPLORATION
CORPORATION'S OPPOSITION TO MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION**

Federal Defendants' motion to dismiss this lawsuit represents the third attempt to accomplish the same result—return all of the challenged lease sale decisions to the Bureau of Land Management ("BLM") for further National Environmental Policy Act ("NEPA") analyses and decision-making.  Like Federal Defendants' prior Motion for Voluntary Remand (Dkt. No. 43) and Plaintiffs' Motion for Voluntary Dismissal (Dkt. No. 71), Federal Defendants' motion seeks to sidestep clearly-stated Congressional intent to shield oil and gas lease decisions and resulting development from legal challenge—and the attendant delays—after 90 days.  *See* 30 U.S.C. § 226-2 ("Section 226-2"); Opp. to Pls.' Mot. for Voluntary Dismissal (Dkt. No. 76) at 5–7.  In this latest attempt, Federal Defendants claim that their settlement agreement with Plaintiffs divests this Court of subject-matter jurisdiction.  *See* Fed. Defs.' Mot. to Dismiss (Dkt. No. 81) at 1.  But Federal

1

Defendants' novel conception of this Court's jurisdiction over the action and the settlement agreement fails again to overcome the will of Congress for at least three reasons.

*First*, Federal Defendants' jurisdictional argument cannot change that Congress imposed a short, 90-day limitations period for any lawsuit "contesting a decision of the Secretary involving any oil and gas lease." 30 U.S.C. § 226-2.  Congress did so in order to further the purpose of the Mineral Leasing Act to "promote the mining of . . . oil . . . on the public domain."  Act of Feb. 25, 1920, ch. 85, § 32, 41 Stat. 437.  As Congress explained in enacting Section 226-2, protecting the contractual and property rights of lessees promotes the public interest by reversing "a potentially dangerous slackening in exploration for development of domestic reserves of oil and gas," and removing "a potential cloud on acreage subject to leasing."  S. Rep. No. 86-1549 (1960), *as reprinted in* 1960 U.S.C.C.A.N. 3313, 3314–15, 3317.

In short, Congress has decreed that decisions relating to oil and gas leases are final after 90 days.  They are no longer subject to challenge.  And lessees have relied on their rights finalized under this congressional directive by investing in the planning and execution of development operations.

Both congressional policy and industry reliance thus oppose granting a motion with the effect of remanding the challenged leasing decisions to BLM.  *See Am. Waterways Operators v. Wheeler*, 427 F. Supp. 3d 95, 98–99 (D.D.C. 2019) (focusing on reliance interests in denying motion for voluntary remand objected to by the intervenor).  Having established a 90-day deadline to provide lessees certainty and comfort, a dismissal here for the stated purpose of effecting a remand to BLM without first resolving the limitations issue would directly undermine congressional intent.  Plaintiffs' challenges and BLM's resulting review would remain a "cloud on acreage subject to leasing." 1960 U.S.C.C.A.N. at 3317.  Remanding the cases would thus

"resurrect the very problems that Congress sought to eliminate," *Cal. Save Our Streams Council, Inc. v. Yeutter*, 887 F.2d 908, 912 (9th Cir. 1989), by imposing a 90 day limitations period—erect "obstacles" that would undercut prompt development of oil and gas reserves.  *See* 1960 U.S.C.C.A.N. at 3314–15.

That Federal Defendants now couch in jurisdictional terms the same remand relief requested in the two prior motions cannot salvage this ongoing attempt to thwart congressional intent.  *Compare PGBA, LLC v. United States*, 389 F.3d 1219, 1228 (Fed. Cir. 2004) (where "the practical effect of the two forms of relief will be virtually identical," the propriety of the relief "should be judged by essentially the same standards" (quoting *Samuels v. Mackell*, 401 U.S. 66, 71–73 (1971)).  Where, as here, Congress has spoken plainly on the limits of legal action, Federal Defendants lack the authority to expand those limits by executive fiat, through settlement of claims that Congress has barred or otherwise.  *Cf. Civil Aeronautics Bd. v. Delta Airlines, Inc.*, 367 U.S. 316, 322 (1961) ("[T]he fact is that the [agency] is entirely a creature of Congress and the determinative question is not what the [agency] thinks it should do but what Congress has said it can do.").

***Second***, Federal Defendants' insistence that it can eliminate subject matter jurisdiction via a settlement agreement with Plaintiffs, *see* Fed. Defs.' Mot. at 1–2, ignores the role played by federal courts in overseeing the settlement of claims.  Contrary to Federal Defendants' suggestions, *see id.* at 2–3, courts do ***not*** automatically effectuate settlement agreements entered into among parties.  Rather, federal courts routinely review settlement agreements, *see*, *e.g.*, *Se. Fed. Power Customers, Inc. v. Geren*, 514 F.3d 1316, 1321 (D.C. Cir. 2008) (noting review of settlement in district and appellate courts), and may uphold the objection of intervenors to a settlement, *see*, *e.g.*,

*id.* at 1320 (reviewing plaintiff's settlement with Army Corps of Engineers based on challenge by intervening States).

While, as a general proposition, federal law encourages settlement of civil disputes, "[c]ourts . . . are also charged with responsibility for safeguarding the rights of parties." *Waller v. Financial Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987). It is therefore well settled that a court may review and consider objections that demonstrate "some formal legal prejudice" to a non-settling defendant "as a result of the settlement." *Id.* Such prejudice has been "met in a variety of situations," including the elimination of a legal claim or invalidation of contract rights. *Id.*

Here, lessees—represented by Intervenors—are prejudiced by the continuing "cloud" over the challenged leases that Congress expressly sought to eliminate through the short limitations period established by Section 226-2. *See supra.* As the D.C. Circuit has explained, a "district court could hardly approve a settlement agreement that violates a statute." *Geren*, 514 F.3d at 1321.

Notably, another member of this Court has denied a motion to dismiss for lack of jurisdiction where both the plaintiffs and federal defendants agreed that the challenged agency rule was erroneous and should be remanded to the agency. *See Nat'l Parks Conservation Ass'n v. Salazar*, 660 F. Supp. 2d 3, 3–4 (D.D.C. 2009). On the opposition of an intervenor-defendant— "a full party to the case"—the court rejected the federal defendants' attempt "to bypass established statutory procedures" through the expedient of an agreed remand and a resulting alleged lack of a continued case or controversy. *See id.* at 5.

The same is true here—the Intervenors, as full parties to this action—oppose Federal Defendants' motion because it proposes to bypass the security afforded to finalized leases by Congress and give effect to Plaintiffs' legal claims barred by Congress. That result is consistent

with the authorities addressing motions for voluntary remand where—as here—both plaintiffs and federal defendants support remand to the agency.  *See Am. Waterways Operators*, 427 F. Supp. 3d at 98–99 (denying motion for voluntary remand supported by plaintiff and defendant, but opposed by intervenor).  *See also* Opp. to Pls.' Mot. for Voluntary Dismissal (Dkt. No. 76) at 5–7.

None of the authorities cited by Federal Defendants, *see* Fed. Defs.' Mot. at 2–4, are to the contrary, or support dismissal on subject-matter jurisdiction grounds in this situation.

Far from supporting Federal Defendants' motion, the Supreme Court's decision in *Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501 (1986), confirms that federal courts review settlements and consider objections from intervenors.  *See id*. at 507–12 (describing district court review of proposed consent decree); *id*. at 525 ("To be sure, a federal court is more than a recorder of contracts from whom parties can purchase injunctions; it is an organ of government constituted to make judicial decisions." (quotation and alteration omitted)).  Indeed, *Local No. 93* confirms that "an intervenor is entitled to present evidence and have its objections heard" on a proposed negotiated settlement of litigation.  *Local No. 93*, 478 U.S. at 529.  This is precisely what Intervenors here request—that the Court first consider API's showing that the majority of Plaintiffs' claims were never properly before this Court and therefore are not properly part of any settlement because Congress plainly proscribed such late-filed claims.  *Cf. id*. at 526 (indicating that parties cannot "agree to take action that conflicts with or violates the statute upon which the complaint was based").

The Federal Defendants' recitation of the Supreme Court's further discussion of the power of one party to block a settlement entered into by other parties, *see* Fed. Defs.' Mot. at 2; *Local No. 93*, 478 U.S. at 529, is both incomplete and inapposite.  The intervenor in *Local No. 93* intervened as a ***plaintiff***, but never filed a substantive claim for relief—a prerequisite for a plaintiff.

*See id*. at 506, 530 (noting that plaintiff-intervenor "failed to raise any substantive claim"). Intervenors here are defendants.  Each Intervenor-Defendant filed an answer challenging Plaintiffs' claims, and API filed a motion to dismiss the majority of Plaintiffs' claims for failure to comply with Section 226-2's limitations period.  *See* API Mot. to Dismiss in Part (Dkt. No. 28). The Supreme Court's caution in *Local No. 93* therefore does not apply.[1]

Nor is the dismissal of foreign states on grounds of sovereign immunity in *Auster v. Ghana Airways Ltd.*, 514 F.3d 44, 46, 48 (D.C. Cir. 2008); *see* Fed. Defs.' Mot. at 3, relevant to this Court's review of the requests to remand oil and gas leasing decisions either voluntarily or pursuant to a settlement agreement.

Federal Defendants' reliance on *Utility Solid Waste Activities Group v. Environmental Protection Agency*, 901 F.3d 414 (D.C. Cir. 2018), is similarly misplaced.  That case involved an agency's request for a voluntary remand under the standards established in cases such as *Limnia, Inc. v. Department of Energy*, 857 F.3d 379 (D.C. Cir. 2017), discussed in the Opposition to Plaintiffs' Motion for Voluntary Dismissal.  *See Utility Solid Waste*, 901 F.3d at 436; Opp. to Pls.' Mot. for Voluntary Dismissal (Dkt. No. 76) at 2, 4–5.  Such a request is clearly subject to judicial review, and the portion of the opinion that Federal Defendants selectively quote, *see* Fed. Defs.' Mot. at 2, 4, was simply part of the Court's consideration of the potential prejudice of a remand to the other parties.  *See Utility Solid Waste*, 901 F.3d at 438.  That the petitioners in that case defended on the merits the agency action subject to remand says nothing about this Court's ability

---

[1] Nor do Intervenors simply seek to "block" the settlement by withholding its consent.  *See* Fed. Defs.' Mot. at 2; *Local No. 93*, 478 U.S. at 529.  Unlike the plaintiff-intervenor in *Local No. 93*— whose participation in settlement discussions was ordered by a district court that was "troubled" by the intervenor's initial exclusion from settlement negotiations, *id*. at 508—the intervenors in this case were never included in settlement negotiations.  Instead, Plaintiffs and Federal Defendants  presented Intervenors with an already negotiated settlement.

to consider the threshold statute of limitations question raised by API (or preclude a court's consideration of the prejudice to such a defending party).

***Finally***, under its own terms, the Plaintiffs' and Federal Defendants' settlement agreement—upon which Federal Defendants base their subject matter jurisdiction argument—is itself fully contingent upon remand of the challenged leasing decisions to BLM for additional NEPA review. *See* Stipulated Settlement Agreement (Dkt. No. 71-1) at 3. The Federal Defendants' Motion to Dismiss is thus contingent on the propriety of such a remand. But as Intervenors have repeatedly demonstrated, such a remand cannot square with the congressional bar on the vast majority of Plaintiffs' claims.

Having failed again in an attempt to repackage for the third time the same remand request to this Court, Plaintiffs' and Federal Defendants' motions should be denied, and the Court should proceed first to resolve API's long pending motion to enforce Congress's limitations period barring Plaintiffs' late-filed challenges to Federal Defendants' leasing decisions.

## CONCLUSION

For the foregoing reasons, this Court should deny Federal Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and instead first resolve API's pending Motion to Dismiss in Part.

April 25, 2022

Respectfully submitted,

*/s/ Steven J. Rosenbaum*
Steven J. Rosenbaum
 D.C. Bar No. 331728
Bradley K. Ervin
 D.C. Bar No. 982559
COVINGTON & BURLING, LLP
One CityCenter
850 Tenth St., N.W.
Washington, D.C. 20001
Phone:  (202) 662-6000

Fax:  (202) 662-6291
srosenbaum@cov.com

*Attorneys for American Petroleum Institute*

*/s/ James C. Kaste*
James C. Kaste
Deputy Attorney General
Water & Natural Resources Division
109 State Capitol
Cheyenne, WY 82002
(307) 777-6946 phone
(307) 777-3542 fax
james.kaste@wyo.gov

*Counsel for the State of Wyoming*

*/s/ Hadassah M. Reimer*
Hadassah M. Reimer (WY002)
Holland & Hart LLP
25 South Willow Street, Suite 200
Jackson, WY 83001
Ph. 307-739-9741 / Fax 307-739-9744
hmreimer@hollandhart.com

Emily C. Schilling (No. 490483)
Holland & Hart LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101
Ph. 801-799-5753 / Fax 202-747-6574
ecschilling@hollandhart.com

Kristina (Tina) R. Van Bockern (CO0100)
Kristin A. Nichols (CO0099)
Holland & Hart LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202
Ph. 303-295-8000 / Fax 720-545-9952
trvanbockern@hollandhart.com
kanichols@hollandhart.com

*Attorneys for Defendant-Intervenor*
*NAH Utah, LLC*

*/s/ Mark D. Gibson*
Jessica Black Livingston

8

Mark D. Gibson
HOGAN LOVELLS US LLP
1601 Wewatta Street, Suite 900
Denver, CO 80202
Phone: (303) 899-7300
Fax: (303) 899-7333
Email: jessica.livingston@hoganlovells.com
       mark.gibson@hoganlovells.com

*/s/ Andrew C. Lillie*
Andrew C. Lillie
HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, CO 80202
Phone: (303) 295-8121
Fax: (303) 223-9244
Email: aclillie@hollandhart.com

*Attorneys for Intervenor–Defendant Anschutz Exploration Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of April, 2022, I caused a true and correct copy of the foregoing to be filed with the Court electronically and served by the Court's CM/ECF System upon all counsel of record.

*/s/ Steven J. Rosenbaum*
Steven J. Rosenbaum